UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES JANTOS, individually, and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, a Delaware Corporation; DIRECTV, LLC, a California Limited Liability Corporation; and QWEST CORPORATION d/b/a CENTURYLINK QC, a Colorado Corporation,<br><br>Defendants. | NO.  2:18-cv-00413<br><br>COMPLAINT<br>(CLASS ACTION) |

### I.   PARTIES

1.   *Jantos*.   Plaintiff James Jantos is a resident of King Country, Washington. Jantos is, and at all times relevant to this complaint was, a customer of Defendant Qwest Corporation d/b/a CenturyLink QC.  Jantos is, and at all times relevant to this complaint was, a subscriber to satellite television services provided by Defendants DirecTV and/or DirecTV, LLC.  The internet, telephone and satellite television services Jantos received from Defendants CenturyLink and DirecTV/DirecTV, LLC, were bundled, and billed in a single bill for services provided by both CenturyLink and DirecTV.

COMPLAINT (CLASS ACTION) – 1
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

2.     ***DirecTV***.  Defendant DirecTV is incorporated in Delaware, with its principal executive officer located in California.  Defendant DirecTV is engaged in the business of promoting, selling, billing and/or distributing digital entertainment programming via satellite to residential and commercial subscribers.  At all times relevant to this action, DirecTV transacts or has transacted business in King County, Washington, and elsewhere in Washington State.  DirecTV is a "satellite carrier" pursuant to 17 U.S.C. § 119(d)(6) and 47 U.S.C. § 338(i)(2)(C).

3.     ***DirecTV, LLC***.  Defendant DirecTV, LLC, is a California Limited Liability Corporation with its principal place of business in California.  Defendant DirecTV, LLC, is engaged in the business of promoting, selling, billing and/or distributing digital entertainment programming via satellite to residential and commercial subscribers.  At all times relevant to this action, DirecTV, LLC, transacts or has transacted business in King County, Washington, and elsewhere in Washington State.  DirecTV, LLC, is a "satellite carrier" pursuant to 17 U.S.C. § 119(d)(6) and 47 U.S.C. § 338(i)(2)(C).

4.     ***Qwest Corporation d/b/a CenturyLink QC***.  Qwest Corporation d/b/a CenturyLink QC ("CenturyLink") is a Colorado corporation with its principal place of business in Louisiana.  CenturyLink is a "satellite carrier" pursuant to 47 U.S.C. § 338(i)(2)(C) because it provides "wire or radio communications" services and, through its contracts, agreements and arrangements with DirecTV and/or DirecTV, LLC, was under common control with DirecTV and/or DirecTV, LLC.  CenturyLink also acted as the agent of DirecTV and/or DirecTV, LLC, in connection with the marketing, selling, billing, and distribution of bills (including making the bills available for public access) of DirecTV's services.  CenturyLink is also an agent for DirecTV and/or DirecTV, LLC, for purposes of all tasks associated with billing certain bundled services provided by DirecTV and/or DirecTV, LLC, to its subscribers.

COMPLAINT (CLASS ACTION) – 2
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

5. *Relationship Between DirecTV and CenturyLink*. CenturyLink and DirecTV and/or DirecTV, LLC, though various contracts, agreement and arrangements, jointly market, sell and bill for certain bundled services, including satellite television. At all relevant times herein, CenturyLink acted as an agent of DirecTV and/or DirecTV, LLC, in creating, distributing and permitting unsecured access to the bills and personal information of subscribers of DirecTV and/or DirecTV, LLC. CenturyLink, when it created and permitted unsecured access to personal information of subscribers of DirecTV and/or DirecTV, LLC, was acting within the scope of its authority, and its acts and omissions are imputed to DirecTV and/or DirecTV, LLC. In addition, CenturyLink, by marketing, selling and billing the bundled services of CenturyLink and DirecTV/DirecTV, LLC, became a "satellite carrier" under 47 U.S.C. § 338(i)(2)(C) subject to liability under 47 U.S.C. § 338(i)(7) because it provides "wire or radio communications" services and was under common control with DirecTV and/or DirecTV, LLC, for purposes of billing the bundled services.

## II.  JURISDICTION AND VENUE

6. *Jurisdiction*. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 338(i)(7) which provides that "[a]ny person aggrieved by any act of a satellite carrier in violation of this section may bring a civil action in a United States district court."

7. *Venue*. Venue is proper under 28 U.S.C. § 1391 because, *inter alia*, Defendants reside or may be found in this district.

## III.  NATURE OF THE CASE

8. *Jantos Discovers that Defendants Made His, and Other Subscribers, Personal Information Freely Available Online for Anyone to Access*. Plaintiff Jantos, through a simple internet search using a common search engine, discovered that his March 2017 bill from CenturyLink and DirecTV/DirecTV, LLC, was publicly available for anyone to view on the internet. The bill contained personally identifiable

COMPLAINT (CLASS ACTION) – 3
[Case No. 2:18-cv-00413]

Sirianni Youtz
Spoonemore Hamburger
701 Fifth Avenue, Suite 2560
Seattle, Washington 98104
Tel. (206) 223-0303   Fax (206) 223-0246

information, including his name, address, phone number, phone numbers that he had called and received calls from, and his DirecTV/DirecTV, LLC, billings. Concerned, and unsure if the information was only available to him due to his previous online access to his account, he investigated the scope of the disclosure. He discovered he was able to easily access personally identifying information of other subscribers of Defendants, including charges on other subscribers DirecTV/DirecTV, LLC, bills. Like the information he discovered online about himself, he was able to view the names, addresses, phone number, subscriptions, and bills from other subscribers. In order to confirm that the information was available to others, he asked another individual to attempt to access information from his computer as well. Like Jantos, this individual was able to access personally identifiable information of DirecTV/DirecTV, LLC, subscribers.

9. ***Section 338 of the Communications Act Prohibits Disclosure of Personal Information***. Congress, in Section 338 of the Communications Act, 47 U.S.C. § 338, granted specific and robust privacy protections to consumers of satellite services. Concerned over the potential disclosure of personally identifying information, Section 338 of the Communications Act prohibited satellite carriers from disclosing any personally identifying information about a subscriber without prior express consent. 47 U.S.C. § 338(i)(4)(A).

10. ***Section 338 of the Communications Act Requires Satellite Carriers to Also "Take Such Actions as are Necessary to Prevent Unauthorized Access" to Personal Information.*** In addition, Congress required satellite carriers to affirmatively take such steps as are "necessary to prevent unauthorized access" to personal information of subscribers. 47 U.S.C. § 338(i)(4)(A).

11. ***Remedies***. Congress provided that any violation of Section 338 would give rise to a private cause of action in federal court. 47 U.S.C. § 338(i)(7). Any person

COMPLAINT (CLASS ACTION) – 4
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

"aggrieved by any act of a satellite carrier in violation" of Section 338 is entitled to "actual damages, but not less than liquidated damages computed at the rate of $100 a day for each violation or $1,000, whichever is higher" in addition to "punitive damages" and attorneys' fees and costs of suit. 47 U.S.C. § 338(i)(7).

## IV. CLASS ALLEGATIONS

12. *Definition of Class*. The class consists of all individuals who:

   (1) were subscribers of DirecTV and/or DirecTV, LLC;

   (2) were billed for services in a joint or combined bill that charged for services from both CenturyLink and DirecTV and/or DirecTV, LLC; and

   (3) whose personally identifiable information was publicly available at any time since March 19, 2014.

13. *Size of Class*. The class of DirecTV/DirecTV, LLC, subscribers whose personal information was made publicly available is so numerous that joinder of all members is impracticable.

14. *Class Representative Jantos.* Named Plaintiff Jantos is, and was during all relevant periods discussed herein, a DirecTV/DirecTV, LLC, subscriber. His personal information, as defined in Section 338 of the Communications Act, was disclosed when it was made publicly available by Defendants to any individual with access to the internet. His claims are typical of the claims of the other members of the class, and he will fairly and adequately represent the interests of the class.

15. *Common Questions of Law and Fact*. This action requires a determination of whether Defendants violated Section 338 of the Communication Act by (1) disclosing personally identifiable information of DirecTV/DirecTV, LLC, subscribers and/or (2) by failing to "take such actions as are necessary to prevent unauthorized access to such information." Adjudication of these issue will in turn determine whether Defendants are liable for liquidated damages under 47 U.S.C. § 338(i)(7).

COMPLAINT (CLASS ACTION) – 5
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

16. ***Separate Suits Would Create Risk of Varying Conduct Requirements***. The prosecution of separate actions by class members against Defendants would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under FRCP 23(b)(1).

17. ***Defendants Have Acted on Grounds Generally Applicable to the Class.*** Defendants, by disclosing personally identifiable information and failing to take actions to prevent unauthorized disclosure of this information, acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class. Certification is therefore proper under FRCP 23(b)(2).

18. ***Questions of Law and Fact Common to the Class Predominate Over Individual Issues.*** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class-action mechanism. This action can be most efficiently prosecuted as a class action in the Western District of Washington, where all Defendants do business, and where Jantos resides. Issues as to Defendants' conduct predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under FRCP 23(b)(3).

19. ***Class Counsel***. Plaintiff has retained experienced and competent class counsel.

### V.  FACTUAL BACKGROUND

20. Jantos is a customer of Defendants and is a subscriber to DirecTV/DirecTV, LLC's satellite television services. His CenturyLink and DirecTV/DirecTV, LLC, services are bundled, and he receives a single bill that details the charges from both CenturyLink and DirecTV/DirecTV, LLC.

COMPLAINT (CLASS ACTION) – 6
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

21.    In 2017, Jantos, who was checking on a telephone number, used a common internet search engine to locate the number.  In the course of searching for the number, he discovered that some of his CenturyLink and DirecTV/DirecTV, LLC, bills were discoverable.  For example, he found his bills from Defendants at the following URL: https://repsweb.centurylink.com/repsweb/jsp/myareps.jsp?PI=MyQwest&AI=CASE&PT=3&FS=1&EURL=..OylZvyNVJdXH0ZbSV7g.7ekXzgfqSpvfBtUHjQHRW4w2azy0N9 863EjZUz90cn.

22.    Jantos was able to view, among other things, his name, address, telephone number, and DirecTV/DirecTV, LLC, bill, among other information.  This is, pursuant to 47 U.S.C. § 338, "personally identifiable information."

23.    Jantos was able to view not only his own personally identifiable information, but was able to view personally identifiable information of other DirecTV/DirecTV, LLC, subscribers.

24.    Jantos' personally identifiable information was viewed by a professional colleague when he accessed Jantos' bill from his computer.

25.    Jantos and other members of the class did not provide prior written or electronic consent to permit Defendants to make their personally identifiable information and viewing habits available for public viewing on the internet.

26.    Jantos, though counsel, alerted CenturyLink to the disclosure.  CenturyLink acknowledged that personally identifiable information had been made publicly available.  A copy of a communication from CenturyLink is attached hereto as *Exhibit A*.

### VI.  CLAIM FOR RELIEF:  VIOLATION OF 47 U.S.C. § 338(i)(7) BY DISCLOSURE OF PERSONALLY IDENTIFIABLE INFORMATION CONCERNING SUBSCRIBERS, AND FAILURE TO TAKE ACTIONS TO PREVENT SUCH DISCLOSURE

27.    Plaintiff re-alleges all paragraphs above.

COMPLAINT (CLASS ACTION) – 7
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

28. Pursuant to 47 U.S.C. § 338(i)(4)(A), subject to certain exceptions not applicable here, "a satellite carrier shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or satellite carrier."  This statute imposes two separate and independent obligations upon a satellite carrier:  (1) a prohibition on disclosure of personally identifiable information, and (2) a requirement to "take such actions as are necessary to prevent unauthorized access" to such information.  Defendants violated both statutory requirements.

29. Pursuant to 47 U.S.C. § 338(i)(7):

> Any person aggrieved by any act of a satellite carrier in violation of this section may bring a civil action in a United States district court.  The court may award—
>
> (A) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
>
> (B) punitive damages; and
>
> (c) reasonable attorneys' fees and other litigation costs reasonably incurred.
>
> The remedy provided by this subsection shall be in addition to any other lawful remedy available to a satellite subscriber.

30. Defendants DirecTV and DirecTV, LLC, are "satellite carriers" that, either directly or through their agents, including CenturyLink, disclosed personally identifiable information of Jantos and other class members by permitting unrestricted and unfettered access to the names, addresses, bills, and other information about subscribers through a simple internet search.  Making personally identifiable information of class members available on the internet, without any security, encryption, or passwords or other restrictions on public access, violates 47 U.S.C. § 388(i)(4)(A) and may be enforced though 47 U.S.C. § 388(i)(7).

COMPLAINT (CLASS ACTION) – 8
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

31.     DirecTV and DirecTV, LLC, further failed to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or satellite carrier." DirecTV and DirecTV, LLC, either directly or through their agents, failed to secure the personally identifiable information of class members, and did not "take such actions as [were] necessary to prevent the unauthorized access" of this information thereby violating 47 U.S.C. § 388(i)(4)(A) which may be enforced though 47 U.S.C. § 388(i)(7).

32.     As a wire carrier and by virtue of its joint control relationship with DirecTV and/or DirecTV, LLC, Defendant CenturyLink is a "satellite carrier" under 47 U.S.C. § 338(i)(2)(C) that disclosed the personally identifiable information of Jantos and other class members by permitting free, unrestricted and unfettered access to the names, addresses, bills, and viewing history of subscribers through a simple internet search. Making personally identifiable information of class members freely available on the internet, without any security, encryption, or passwords or other restrictions on public access, violates 47 U.S.C. § 388(i)(4)(A) and may be enforced though 47 U.S.C. § 388(i)(7).

33.     Jantos and the class he seeks to represent are entitled to "actual damages, but not less than liquidated damages computed at the rate of $100 a day for each violation or $1,000, whichever is higher" in addition to "punitive damages" and attorneys' fees and costs of suit. 47 U.S.C. § 338(i)(7).

## VII.  DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1.     Certify this case as a class action; designate the named plaintiff as class representative; and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Richard E. Spoonemore and Chris R. Youtz, and MYERS & COMPANY, PLLC, Michael David Myers, as class counsel;

COMPLAINT (CLASS ACTION) – 9
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

2.      Enter judgment on behalf of Jantos and the class he seeks to represent for liquidated damages, punitive damages and attorneys' fees and costs as specified in 47 U.S.C. § 338; and

3.      Award such other relief as is just and proper.

DATED:  March 19, 2018.

        SIRIANNI YOUTZ
        SPOONEMORE HAMBURGER

By:  *s/ Chris R. Youtz*
By:  *s/ Richard E. Spoonemore*
Chris R. Youtz (WSBA #7786)
Richard E. Spoonemore (WSBA #21833)
  701 Fifth Avenue, Suite 2560
  Seattle, WA 98104
  Tel. (206) 223-0303; Fax (206) 223-0246
  Email:  cyoutz@sylaw.com
             rspoonemore@sylaw.com

—and—

MYERS & COMPANY, PLLC

By:  *s/ Michael David Myers*
Michael David Myers (WSBA #22486)
  1530 Eastlake Avenue East
  Seattle, WA 98102
  Tel. (206) 398-1188; Fax (206) 400-1115
  Email:  mmyers@myers-company.com

Attorneys for Plaintiff

COMPLAINT (CLASS ACTION) – 10
[Case No. 2:18-cv-00413]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246