# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is made and entered into as of this 22nd th day of October, 2018, by and between Plaintiff James Jantos ("Plaintiff"), individually and on behalf of the Settlement Class, as defined below, and Defendant Qwest Corporation d/b/a CenturyLink QC ("CenturyLink QC"), DIRECTV and DIRECTV, LLC ("Defendants") (hereinafter collectively referred to as "the Parties"), to settle, fully and finally, the claims that have been brought in this putative class-action lawsuit on behalf of the Settlement Class against Defendants relating to the disclosure of certain information described below. This Agreement is subject to the preliminary and final approval of the United States District Court for the Western District of Washington ("Court") and the terms and conditions set forth herein.

WHEREAS Qwest Corporation d/b/a CenturyLink QC and its affiliate local exchange carriers (collectively, "CenturyLink") provide communications services to customers, including Plaintiff;

WHEREAS a dispute has arisen between the parties concerning the alleged online accessibility of certain information of Plaintiff and other Settlement Class Members found in their CenturyLink bills;

WHEREAS Plaintiff filed a putative class-action lawsuit against Qwest Corporation d/b/a CenturyLink QC, CenturyLink, Inc., and CenturyLink Communications LLC,[1] in King County Superior Court for the State of Washington, for violation of Washington's Consumer Protection Act, Breach of Contract, Negligence, Breach of Fiduciary Duty, Breach of Duty of Confidence, Violation of 47 USC §§ 222 and 551, Invasion of Privacy pursuant to SMC 21.60.825, and Declaratory Judgment ("the State Action");

WHEREAS Plaintiff subsequently filed a second putative class-action lawsuit against Qwest Corporation d/b/a CenturyLink QC, DIRECTV, and DIRECTV, LLC ("DIRECTV"), in the United States District Court for the Western District of Washington, for violation of 47 U.S.C. § 338(i)(7) ("the Federal Action"); and

WHEREAS Defendants deny the allegations in the State and Federal Actions and assert numerous defenses to Plaintiff's claims, including that CenturyLink is not subject to the provisions of 47 U.S.C. § 338(i), and that Defendants' alleged conduct did not cause any injury or damages to Plaintiff;

WHEREAS CenturyLink QC's motion to dismiss Plaintiff's claims and DIRECTV's motion to compel arbitration that were filed in the Federal Action are pending and stayed;

WHEREAS the Parties to this Agreement, after (i) having litigated the State Action for over a year and the Federal Action for approximately six months; (ii) having engaged in written

---

[1] Plaintiff is a customer of CenturyLink QC, but the Second Amended Complaint and caption in the State Action mistakenly name CenturyLink, Inc., and CenturyLink Communications, LLC, as co-defendants.

discovery in the State Action and confirmatory discovery regarding the identification of CenturyLink customers whose bills may have been accessible online between March 5, 2017 and May 18, 2017 (the "Alleged Breach") and CenturyLink's remediation of the Alleged Breach; (iii) having conducted multiple court hearings in the State Action; and (iv) engaging in numerous arms-length settlement negotiations, including with the assistance of a third-party mediator, have now reached an agreement providing for a resolution of all claims that have been or could have been brought in the State or Federal Actions on behalf of the Settlement Class;

WHEREAS Plaintiff and Class Counsel have reviewed and analyzed the documents produced by Defendants and those obtained via their own investigation; examined and considered the benefits to be provided to the Settlement Class Members under the Settlement provided for in this Settlement Agreement; considered the laws of several States and the state and federal claims that have or could be asserted regarding the Alleged Breach;

WHEREAS Plaintiff and Class Counsel believe the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class Members, taking into account the benefits provided to the Settlement Class Members through the terms of the Settlement, the risks of continued litigation and possibly multiple trials and possible additional appeals, and the length of time that would be required to complete the litigation and any appeals;

WHEREAS Defendants have at all times disputed, and continue to dispute, Plaintiff's allegations in the State and Federal Actions and deny any liability for any of the claims that have or could have been raised in the State and Federal Actions by Plaintiff or the Settlement Class Members, but believe the comprehensive resolution of the claims in the State and Federal Actions as provided in this Agreement will avoid the substantial costs and disruption of continued litigation and one or more certified class action trials, and therefore as determined that settlement is in the best interest of both Settlement Class Members and Defendants, their employees, and their customers, and is the most effective and efficient resolution of the State and Federal Actions; and

WHEREAS the Parties understand, acknowledge, and agree that this Agreement constitutes the compromise of disputed claims and that it is their mutual desire and intention that the State and Federal Actions be settled and dismissed, on the merits and with prejudice, and that the Released Claims be finally and fully settled and dismissed, subject to and according to the below terms and conditions.

NOW, THEREFORE, the Parties agree and covenant as follows:

## I.    DEFINITIONS

As used in this Agreement, the following definitions shall apply:

A.    "Alleged Breach" means the online accessibility of certain CenturyLink customers' bills between March 5, 2017 and May 18, 2017.  The term does not include any of the allegations made by the plaintiff or putative class in the action captioned *Cordoba v. DirecTV, LLC, et.al*, No. 1:15-CV-3755MHC pending in the United States District Court for the Northern District of Georgia.

B.    "Agreement" means this Class Action Settlement Agreement and all exhibits attached to, and incorporated by reference into, it.

C.    "Attorneys' Fees and Expenses" means the amount of any attorneys' fees and reimbursement of litigation expenses awarded to Class Counsel under their Fee Application.

D.    "CenturyLink" means Qwest Corporation d/b/a CenturyLink QC and its affiliate local exchange carriers.

E.    "CenturyLink QC" means Qwest Corporation d/b/a Century Link QC.

F.    "Class Counsel" means the law firms Siranni Youtz Spoonemore Hamburger, and Myers & Company, PLLC

G.    "Class Notice" means the proposed document, substantially in the form attached to this Settlement Agreement as Exhibit A, that will be mailed by the Settlement Administrator to Settlement Class Members at each address of record, and emailed to Settlement Class Members for whom valid email addresses are known, following entry of the Preliminary Approval Order. The Class Notice will inform Settlement Class Members of the Settlement, explain the benefits provided, and provide the Request for Exclusion form.

H.    "Class Representative" means Plaintiff James Jantos.

I.    "Court" means the United States District Court for the Western District of Washington.

J.    "Credit Monitoring Services" means one year of three-bureau credit monitoring and identity theft protection provided by Experian.

K.    "Current CenturyLink Customer" means a Person who subscribes to CenturyLink services as of the date of the Notice Date.

L.    "Defendants" means Qwest Corporation d/b/a CenturyLink QC, DIRECTV and DIRECTV, LLC, the Defendants in this Action.

M.    "Defendants' Counsel" means the law firms of Wheeler Trigg O'Donnell LLP, Perkins Coie LLP, and Corr Cronin LLP.

N.    "DIRECTV" means DIRECTV and DIRECTV, LLC.

O.    "DIRECTV Subclass" shall consist of Settlement Class Members whose CenturyLink bills that were accessible online between March 5, 2017 and May 18, 2017, and included DIRECTV services.

P.    "Fairness Hearing" means the final hearing before the Court, to be held after Class Notice has been provided to the Settlement Class in accordance with

3

Section V of this Agreement, (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiff as the representative of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the Settlement; (2) to rule on Class Counsel's Fee Application; and (3) to consider whether to enter the Final Approval Order.

Q.     "FAQ" means the proposed Frequently Asked Questions and Answers form attached hereto as Exhibit B, to be approved by the Court and posted on the Settlement Website in accordance with this Settlement Agreement.

R.     "Fee Application" means the application to be filed by Class Counsel by which they will seek an award of Attorney's Fees and Expenses, as well as Service Awards to be paid to the Class Representative.

S.     "Federal Action" means the lawsuit pending in the United States District Court for the Western District of Washington, filed under Case No. 2:18-cv-00413.

T.     "Final Approval Order" means the Court order granting final approval of the Settlement embodied in this Agreement.

U.     "Final Judgment" means an order rendered by the Court that enters judgment disposing of all issues raised in this Action consistent with the Final Approval Order.

V.     "Named Plaintiff" or "Plaintiff" means James Jantos.

W.     "Non-DIRECTV Subclass" shall consist of Settlement Class Members whose CenturyLink bills that were accessible online between March 5, 2017 and May 18, 2017 and did not include DIRECTV services.

X.     "Notice Date" means the date on which the Settlement Administrator completes the mailing of Class Notice to Settlement Class Members.

Y.     "Objection" means the written statement that a Settlement Class Member may submit to the court with copies to the Parties' counsel in order to object to this Settlement Agreement.

Z.     "Participating Settlement Class Member" means all persons who are members of the Settlement Class and do not exclude themselves from the Settlement Class in the manner and time prescribed by the Court in the Preliminary Approval Order.

AA.   "Person" means any natural person.

BB.   "Preliminary Approval Order" means an order rendered by the Court preliminarily approving this Settlement Agreement, to be entered by the Court with the terms and substantially in the form of Exhibit C, attached to this Agreement.

CC.    "Released Claims" means those claims set forth in Section XI of this Settlement Agreement that are released by Participating Settlement Class Members against the Released Parties upon occurrence of the Settlement Effective Date.

DD.    "Released Parties" means (a) Defendants and their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and (b) each of their respective past, present, and future officers, directors, agents, representatives, servants, employees, attorneys, and insurers.

EE.    "Request for Exclusion" means the written notice a Settlement Class Member may submit to the Settlement Administrator no later than the deadline to request exclusion from the Settlement Class contained in the Class Notice, FAQ and Settlement Website.

FF.    "Service Award" means a reasonable payment, subject to Court approval, made to the Named Plaintiff to compensate for his efforts in pursuing the State and Federal Actions.

GG.    "Settlement" means the settlement provided for in this Agreement.

HH.    "Settlement Administrator" means Rust Consulting or any other administrator mutually agreed upon by the Parties.

II.    "Settlement Agreement" means this Class Action Settlement Agreement and Release of All Claims and all of its attachments and exhibits.

JJ.    "Settlement Class" and "Settlement Class Members" means all 855 identified customers of CenturyLink in the United States and its territories who received notice from CenturyLink that their CenturyLink bills were accessible online between March 5, 2017 and May 18, 2017. The Settlement Class comprises the DIRECTV Subclass and the Non-DIRECTV Subclass.

KK.    "Settlement Effective Date" means the first date that is three business days after all the following have occurred: (i) the Court has entered the Final Approval Order; (ii) the time for any challenge to the Settlement, both in the Court and on appeal, has elapsed; and (iii) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns solely the issue of Class Counsel's request for attorney fees, costs, and Service Award to certain Class Representatives.

LL.    "Settlement Website" means a website created by the Settlement Administrator to facilitate notice, and for other administrative purposes related to the Settlement, as detailed in Section V of this Agreement.

MM.    "State Action" means the lawsuit filed in the Superior Court of Washington— King County, under Case No. 17-2-12346-3.

NN.    "Updated Address" means a mailing address that was updated by a National Change of Address search or a skip trace.

## II.    CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

For the purposes of implementing this Settlement Agreement and the Settlement, and for no other purpose, Defendants stipulate to the conditional certification of the Settlement Class on a nationwide basis. If for any reason this Settlement Agreement should fail to become effective, Defendants' stipulation to certification of the nationwide Settlement Class shall be null and void, and the Parties shall return to their respective positions in the State and Federal Actions as those positions existed immediately before the execution of this Agreement.

## III.    REQUIRED EVENTS

A.    By October 22, 2018, the Parties shall file with the Court this Agreement and a joint motion seeking entry of the Preliminary Approval Order, which by its terms shall accomplish all of the following:

1.    Preliminarily approve the Settlement and this Settlement Agreement as fair and reasonable to the Settlement Class;

2.    Conditionally certify the Settlement Class as a nationwide class and the DIRECTV Subclass and the Non-DIRECTV subclass, for the purpose of effecting the Settlement only;

3.    Designate Named Plaintiff as the representative of the Settlement Class;

4.    Designate Class Counsel as counsel for the Settlement Class;

5.    Designate the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order:

a.    Disseminate the Class Notice.

b.    Establish the Settlement Website with information the Parties jointly agree to post concerning the nature of the case and the status of the Settlement, including relevant pleadings such as the operative complaints, Class Notice, papers in support of preliminary and final approval of the Settlement, and Class Counsel's Fee Application, plus relevant orders of the Court.

c.    Establish a toll-free telephone number that Settlement Class Members can call to request hard copies of the Class Notice, Request for Exclusion forms, and FAQ be sent to them by mail and obtain additional information regarding the Settlement. This shall be accomplished before mailing the Class Notices.

    d.      Receive Request for Exclusion forms submitted by Settlement Class Members.

    e.      Process Requests for Exclusion forms in accordance with Section IX of this Settlement Agreement.

    f.      Process Objections to the Settlement in accordance with Section VIII of this Settlement Agreement.

    g.      Within 30 days after the full class benefit as described in Section IV of this Settlement Agreement is provided to all Settlement Class Members, provide to Defendants and Class Counsel a statement, under penalty of perjury, of the total dollar amount paid to DIRECTV Subclass Members, the total dollar amount of CenturyLink bill credits paid to DIRECTV Subclass Members, and the total number of non-DIRECTV Subclass Members who received an activation code for Credit Monitoring Services.

6.     Approve the form, contents, and methods of Class Notice to be given to the Settlement Class as set forth in Section V of this Settlement Agreement, and direct Defendants to provide, and cause to be provided, such Class Notices and to file with the Court a declaration of compliance with the notice requirements, as set forth in Section V of this Settlement Agreement.

7.     Establish procedures and schedule deadlines for Settlement Class Members to object to the Settlement or certification of the Settlement Class, and to exclude themselves from the Settlement, all consistent with Sections V, VII, and VIII of this Settlement Agreement.

8.     Schedule deadlines for the filing of (a) papers in support of final approval of the certification of the Settlement Class, the designation of Class Representative, the appointment of Class Counsel as counsel for the Settlement Class, and the Settlement; (b) Class Counsel's Fee Application; and (c) objections to certification of the Settlement Class, to the designation of Plaintiff as the representative of the Settlement Class, to the appointment of Class Counsel, or to the Settlement.

B.     At the same time that the Parties file with the Court a joint motion seeking entry of the Preliminary Approval Order, Plaintiff shall file an unopposed motion to amend the Complaint in the Federal Action to assert an additional claim solely against CenturyLink QC under 47 USC §§ 222 on behalf of a nationwide class. If the motion is granted, Plaintiff will, within three (3) days of the order granting approval of the motion to amend, file an amended Complaint in the Federal Action to add only that claim.

C.     At the Fairness Hearing the Parties will jointly request the Court to enter the Final Approval Order that:

1.      Grants final approval of the certification of the Settlement Class.

2.      Designates Named Plaintiff as the representative of the Settlement Class and appoints Class Counsel as counsel for the Settlement Class.

3.      Grants final approval of the Settlement and this Settlement Agreement as fair, reasonable, and adequate to the Settlement Class.

4.      Provides for the release of all Released Claims and enjoins Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future.

5.      Orders the dismissal with prejudice of all claims alleged in the Federal Action, and incorporates the releases and covenant not to sue stated in this Settlement Agreement, with each of the Parties to bear its, his, or her own costs and attorney fees, except as provided in Section X below.

6.      Authorizes the benefits to be distributed by Defendants to Settlement Class Members as provided for in Section IV of this Settlement Agreement.

7.      Preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of this Settlement Agreement.

8.      In addition, Class Counsel will move the Court for entry of a separate order approving: (1) a Service Award; and (2) attorney fees and costs to Class Counsel in an amount to be determined by the Court consistent with the terms of this Settlement Agreement.

D.      As soon as practicable after execution of this Settlement Agreement, the Parties shall file in the State Action a stipulated motion, proposed stipulated order, or other filing to (i) stay the case and (ii) provide for the automatic dismissal, with prejudice, of the State Action after the Settlement Effective Date. Class Counsel shall notify the court in the State Action of the entry of the Final Approval Order and request dismissal.

E.      Plaintiff, Class Counsel, and Defendants will cooperate and take all reasonable actions to accomplish the above. If the Court fails to enter either the Preliminary Approval Order or the Final Approval Order, Plaintiff, Class Counsel, and Defendants will use all reasonable efforts that are consistent with this Settlement Agreement to cure any defect identified by the Court. If, despite such efforts, the Court does not enter the Preliminary Approval Order or Final Approval Order, the Parties will return to their positions in the State and Federal Actions as they were immediately prior to the execution of this Settlement Agreement. This includes Plaintiff seeking dismissal without prejudice from the Federal Action of the claim brought under 47 USC §§ 222 that will have been added to the Federal Action pursuant to Section III.B solely for purposes of effectuating this Settlement.

IV.     **BENEFITS AVAILABLE TO SETTLEMENT CLASS MEMBERS**

A.      Only Settlement Class Members qualify for benefits under this Settlement Agreement. Defendants will provide a list to the Settlement Administrator of all Settlement Class Members who have been identified by the Parties based on CenturyLink's records.

B.      Participating Settlement Class Members will receive one of the following benefits:

   1.      The DIRECTV Subclass members will each receive $700 in the form of a credit to their CenturyLink bill if they are a Current CenturyLink Customer, or $700 payable by check if they are not a Current CenturyLink Customer. The $700 (check or credit) shall be payable in two payments, with the first payment being for $599 in one calendar year and the second payment being for $101, which will be made in the calendar year that immediately follows the year the first payment is made.  Current CenturyLink Customers may seek distribution of any credit balance on their account in accordance with the usual policies and procedures of CenturyLink for refunding credit balances. The initial determination of who qualifies as a Current CenturyLink Customer will be based upon CenturyLink's records as of the date of the Preliminary Approval Order. All DIRECTV Subclass members who are no longer Current CenturyLink Customers as of the date that the class benefit is provided to Settlement Class Members will receive $700 payable by check (in two payments, as described above) instead of a credit to their CenturyLink bill.

   2.      All Non-DIRECTV Subclass members will receive an activation code for one year of three-bureau credit monitoring service from Experian.

C.      Participating Settlement Class Members shall be entitled to a single benefit, regardless of the number of the individual Class Member's CenturyLink bills that may have been accessible online.

D.      The following will occur within 45 days following the Settlement Effective Date:

   1.      DIRECTV Subclass members who are Current CenturyLink Customers will receive a $599 credit to their account by CenturyLink (on behalf of itself and DIRECTV).

   2.      DIRECTV Subclass members who are not Current CenturyLink Customers will be mailed a $599 check from CenturyLink (on behalf of itself and DIRECTV), which will be valid for 90 days.

   3.      The Settlement Administrator will send Non-DIRECTV Subclass members via email and U.S. Mail the information necessary to activate their Credit Monitoring Services.

E.     The following will occur no later than January 31 of the calendar year that immediately follows the year the payment and credits set forth in section IV.D. above have been issued:

    1.     DIRECTV Subclass members who are Currently CenturyLink Customers will receive a $101 credit to their account by CenturyLink (on behalf of itself and DIRECTV).

    2.     DIRECTV Subclass members who are not Current CenturyLink Customers will be mailed a $101 check from CenturyLink (on behalf of itself and DIRECTV), which will be valid for 90 days.

## V.     CLASS NOTICE AND SETTLEMENT ADMINISTRATION

A.     All decisions regarding notice and settlement administration shall be made jointly between Defendants' Counsel and Class Counsel. Class Counsel and Defendants' Counsel shall have the ability to communicate with the Settlement Administrator without the need to include each other in each of those communications. Disputes, if any, shall be resolved by the Court. This includes any disputes over whether a particular Person is a Settlement Class Member.

B.     The Class Notice, attached as Exhibit A to the Settlement Agreement, will be submitted to the Court with the Motion for Preliminary Approval. To the extent immaterial changes are required after the Class Notice is approved by the Court and the Parties agree (1) to the change(s) and (2) that the change(s) are immaterial, they will not be required to submit the change(s) to the Court for approval. To the extent that the Parties disagree on any change(s) after the Class Notice has been approved by the Court, the Parties will submit the change(s) to the Court.

C.     As soon as practicable, but no later than 30 days after the Court's entry of the Preliminary Approval Order:

    1.     The Settlement Administrator shall send or cause to be sent, by first-class United States Mail the Class Notice to every Class Member who is identified in CenturyLink's records. CenturyLink will obtain or cause to be obtained address updates utilizing a National Change of Address database. The Settlement Administrator will use any Updated Addresses thus obtained. The Settlement Administrator will forward Settlement Notices that are returned by the U.S. Postal Service with a forwarding address.

    2.     The Settlement Administrator also shall send or cause to be sent, via electronic mail, a copy of the Class Notice to every Class Member whose email address Defendants can reasonably identify.

D.    To facilitate the efficient administration of this Settlement, and to promote compensation pursuant to this Settlement, the Settlement Administrator will establish a Settlement Website that enables Settlement Class Members to:

1.    Read the Class Notice and FAQ.

2.    Complete, review, and submit a Request for Exclusion online.

E.    The Parties agree that the Class Notice, FAQ, and Settlement Website will provide information sufficient to inform Settlement Class Members of: (1) the essential terms of this Settlement Agreement; (2) appropriate means for obtaining additional information regarding the Settlement Agreement and the State and Federal Actions; and (3) appropriate information about the procedure for objecting to or excluding themselves from the Settlement, if they should wish to do so. The Parties also agree that the dissemination of the Class Notice and the FAQ in the manner specified in this Section V satisfies the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

F.    The Parties will request the Court to approve in the Preliminary Approval Order, the direct mailing and emailing of the Class Notice, the Settlement Website publication of the Class Notice and FAQ, and the Settlement Website publication of the Request for Exclusion, all as set forth above in this Section V.

G.    As soon as practicable, but no later than 10 days after Plaintiffs file this Agreement in the Court, Defendants shall comply with the notice provision of the Class Action Fairness Act, 28 U.S.C. § 1715.

H.    Within 45 days after the Court's entry of the Preliminary Approval Order, Defendants will file with the Court a declaration of compliance with this plan of notice, including a statement of the number of persons to whom the Class Notice was mailed and emailed.

## VI.    COSTS OF NOTICE AND CLAIMS ADMINISTRATION

In addition to providing to Settlement Class Members the compensation and benefits described in Section IV above, CenturyLink shall pay, separate from the compensation payments, the Administration and Settlement Notice expenses. Defendants shall not be responsible for any cost that may be incurred by, on behalf of, or at least at the direction of Plaintiff or Class Counsel in (a) responding to inquiries about the Settlement Agreement, the Settlement, or the Federal or State Actions; (b) defending the Settlement Agreement or the Settlement against any challenge to it; or (c) defending against any challenge to any order or judgment entered pursuant to the Settlement Agreement, unless otherwise specifically agreed. CenturyLink shall, however, be required to pay the reasonable costs, if any, billed by the Settlement Administrator for work performed by the Settlement Administrator to provide information to the Court regarding the notice and settlement administration process related to challenges/objections to the Settlement.

## VII.   COMPENSATION TO PLAINTIFF

A.   <u>Compensation as a Member of the Settlement Class</u>. The Plaintiff shall be entitled to participate in the claims procedures described in Section IV of this Settlement Agreement to the same extent as Settlement Class Members.

B.   <u>Service Award</u>. Subject to approval by the Court, Plaintiff shall be entitled to a payment of $10,000 as a Service Award for his efforts in litigating the State and Federal Actions.

## VIII.   PROCEDURES FOR SETTLEMENT APPROVAL

A.   The Parties shall use their best efforts to effectuate this Agreement, including cooperating in drafting the preliminary approval documents and securing the prompt, complete, and final dismissal, with prejudice, of the State and Federal Actions.

B.   Preliminary Approval

1.   No later than October 22, 2018, or as soon thereafter as practicable and consistent with any further order of the Court, the Parties shall file a joint motion with the Court for: (A) preliminary approval of the Settlement; (B) authorization to disseminate the Class Notice contemplated by this Agreement to all members of the Settlement Class; and (C) a stay of all proceedings in the State and Federal Actions, except in connection with this Settlement Agreement as set forth herein (the "Motion"). The Motion shall include: (A) the proposed Preliminary Approval Order; (B) proposed forms of the Class Notice and methods for dissemination; (C) proposed date of dissemination of the Class Notice to the Settlement Class; and (D) proposed schedule through final approval of the Agreement.

2.   The deadlines established in the Preliminary Approval Order are:

a.   Within thirty (30) days after entry of the Preliminary Approval Order: the Settlement Administrator shall mail and email the Class Notice as required by Section V of this Agreement.

b.   Within forty-five (45) days after entry of the Preliminary Approval Order: the Settlement Administrator shall file with the Court a declaration of compliance with the notice requirements set forth in Section V of this Agreement.

c.   Within sixty (60) days of entry of the Preliminary Approval Order: Class Counsel shall file their Fee Application.

d.   Within ninety (90) days after entry of the Preliminary Approval Order: any objector shall file his or her Objection, together with all supporting memoranda and other material, with the Court and

serve that filing on Class Counsel and Defendants. This includes objections to: certification of the Settlement Class, the designation of Plaintiff as Class Representative, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Fee Application.

e.     Within ninety (90) days after entry of the Preliminary Approval Order: Requests for Exclusion must be either postmarked by the United States Postal Service (in the case of mailed exclusions) or actually received by the Settlement Administrator (in the case of electronically submitted exclusions). The Settlement Administrator must file a list of all exclusions with the Court within one hundred (100) days of the entry of the Preliminary Approval Order.

f.     Within ninety-five (95) days after entry of the Preliminary Approval Order: Any Person or attorney seeking to appear at the Fairness Hearing must file with the Court and serve on Class Counsel and Defendants an entry of appearance in the Federal Action and notice of intention to appear at the Fairness Hearing. This includes any person objecting to any or all of the certification of the Settlement Class, designation of Plaintiff as Class Representative, appointment of Class Counsel, the Settlement, the Agreement, or Class Counsel's Fee Application.

g.     Within one-hundred-ten (110) days after entry of Preliminary Approval Order: Class Counsel shall file their reply, if any, in support of their Fee Application.

h.     Within one-hundred-twenty (120) days after entry of the Preliminary Approval Order: Class Counsel shall file the proposed Final Approval Order and memorandum in support of Final Approval.

i.     On a date to be determined by the Court, there will be a Fairness Hearing.

C.     Final Approval

1.     At the Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order, which (1) grants final approval of the certification of the Settlement Class, designation of the Class Representative, and designation of Class Counsel; (2) grants final approval to the Settlement and this Agreement as fair, reasonable, and adequate to the Settlement Class; (3) provides for the release of all Released Claims and enjoins Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future; (4) orders the dismissal with prejudice of all claims alleged in the Federal Action, and

incorporates the releases and covenant not to sue stated in this Agreement, with each Party to bear its, his, or her own costs and attorney fees, except as provided in Section X below; (5) authorizes the benefits to be distributed by Defendants to Settlement Class Members, in accordance with the terms of the Settlement Agreement; and (6) preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of the Settlement Agreement.

2.      In addition, Class Counsel will move the Court for entry of a separate order approving the following: (1) a Service Award as set forth herein; and (2) attorney fees and costs to Class Counsel consistent with this Settlement Agreement.

3.      Class Counsel shall notify the court in the State Action of the entry of the Final Approval Order and request dismissal.

## IX.    REQUESTS FOR EXCLUSION

A.      Any member of the Settlement Class shall have the right to opt out of the Settlement Class by sending a written Request for Exclusion to the Settlement Administrator's address listed in the Class Notice.  It shall be postmarked no later than a deadline to be set by the Court, and this deadline shall be set forth in the Class Notice.

B.      Within 10 days after the Court-ordered deadline for timely and properly opting out from the Settlement Class, the Settlement Administrator shall provide to counsel for Defendants and Class Counsel a list of the names and addresses of the members of the Class who have opted out, and shall file a list of all exclusions with the Court.

## X.     CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY FEES AND COSTS, AND SERVICE AWARD TO PLAINTIFF

A.      As part of the Settlement,  it is agreed Class Counsel may recover their reasonable attorney fees and costs, without reducing the amount of money available to pay claims to Participating Settlement Class Members or the amount of money to be paid for work performed by the Settlement Administrator.

B.      The amount of Attorneys' Fees and Costs to be paid to Class Counsel shall be determined by the Court. After the Court preliminarily approves the Settlement, Class Counsel may submit a Fee Application to the Court. Class Counsel agrees to request, and Defendants agree not to oppose, up to $150,000 as the reasonable amount of Attorneys' Fees and Costs to be paid by CenturyLink QC (on behalf of itself and DIRECTV) to Plaintiffs' Counsel, subject to Court approval.

C.      CenturyLink QC shall pay the Court-approved amount of Attorneys' Fees and Costs, up to $150,000 within thirty (30) days after the Court's entry of the Final Approval Order and Final Judgment, regardless of any appeal that may be filed or

taken by any Settlement Class Member or third party. Class Counsel will repay to CenturyLink QC the amount of the award of Attorneys' Fees and Costs in the event that the Final Approval Order and Final Judgment are not upheld on appeal and, if only a portion of fees or costs (or both) is upheld, Class Counsel will repay to CenturyLink QC the amount necessary to ensure the amount of attorney fees or costs (or both) comply with any court order. Under no circumstances will Defendants pay more than $150,000 total in Attorneys' Fees and Costs to Class Counsel.

D.     Defendants shall not oppose a Service Award of $10,000 to the Class Representative, as specifically provided in Section VII of this Settlement Agreement. This agreed amount will be subject to Court approval and will be included in the Class Counsel's Fee Application.

E.     Class Counsel shall have the authority to determine and make an allocation of attorney fees and costs to any counsel representing Plaintiff or Settlement Class Member who claims an entitlement to share in any fees or costs approved by the Court and paid by CenturyLink QC.  Any disputes regarding such allocation shall be resolved by the Court.

F.     Any issues relating to Attorneys' Fees and Costs or to any Service Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of this Settlement Agreement and the Settlement. The Court's or an appellate court's failure to approve, in whole or in part, any award of Attorneys' Fees and Costs to Class Counsel, or any Service Award, shall not affect the validity or finality of the Settlement, nor shall such non-approval be grounds for rescission of the Settlement Agreement, as such matters are not the subject of any agreement among the Parties other than as set forth above. In the event the Court declines to approve, in whole or in part, the payment of attorney fees, litigation costs and expenses to Class Counsel in the amount sought by Class Counsel or the payment of any Service Award, the remaining provisions of this Agreement shall remain in full force and effect.

XI.     **RELEASES**

A.     As of the Effective Date, Named Plaintiff and all Participating Settlement Class Members do release all federal and state statutory, common law, and/or equitable claims that have been or could have been brought against the Released Parties for any and all losses and damages (including attorneys' fees and costs) relating to, in connection with, or directly or indirectly arising from the Alleged Breach.

B.     By executing this Settlement Agreement, the Parties acknowledge that, upon entry of the Final Approval Order by the Court, the Federal and State Actions shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties. The Final Approval Order shall

provide for and effect the full and final release of all Released Claims by Plaintiff and all Participating Settlement Class Members.

C.     <u>Future or Unknown Harm and Waiver of Statutory Rights</u>:  It is possible, although unlikely, that other injuries, damages, losses, or future consequences are not currently known by Plaintiffs and Settlement Class Members and will develop or be discovered that relate to the subject matter of this litigation. The release in this Settlement Agreement, and the compromise on which it is based, are expressly intended to and do cover and include a release by the Plaintiff and each Participating Settlement Class Member of all such future injuries, damages, losses, or future consequences or results, and include a release and waiver of all rights, causes of actions, claims, and lawsuits against the Released Parties that may exist or arise in the future because of such future injuries, damages, losses, or future consequences or results of known or unknown injuries that relate to or arise out of the subject matter of this litigation.

D.     Plaintiff and Participating Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff and Participating Settlement Class Members expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, Plaintiff and Participating Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by Plaintiff and Participating Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release of all claims notwithstanding the discovery or existence of any such additional different claims or facts.

E.     Plaintiff and each Participating Settlement Class Member expressly consents that this release shall be given full force and effect according to each of its terms and provisions, including those relating to unknown and unspecified claims, injuries, demands, rights, lawsuits, or causes of action as referenced above. Plaintiff and each Participating Settlement Class Member acknowledges and agrees that this

waiver is an essential and material term of this release and the compromise settlement that led to it, and that without this waiver the compromise settlement would not have been accomplished. Plaintiff has been advised by his attorney with respect to this waiver and, being of competent mind, understands and acknowledges its significance.

F.      Each Party expressly accepts and assumes the risk that if facts with respect to matters covered by this Settlement Agreement are found to be other than or different from the facts now believed to be assumed to be true, this Settlement Agreement shall nevertheless remain effective. It is understood and agreed that this Settlement Agreement shall constitute a general release and shall be effective as a full and final accord and satisfaction and is a bar to all actions, causes of action, costs, expenses, attorney fees, damages, claims, and liabilities whatsoever, whether or not now known, suspected, claimed or concealed, pertaining to the Released Claims of this Settlement Agreement.

G.      Notwithstanding the above, the Court shall retain jurisdiction over the Parties and the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made.

## XII.    COVENANT NOT TO SUE

Plaintiff, on behalf of himself, and the Participating Settlement Class Members, on behalf of themselves, (i) covenant and agree that neither Plaintiff nor any of the Participating Settlement Class Members, nor anyone authorized to act on behalf of any of them, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Settlement Agreement, against the Released Parties, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by the Released Parties, or any of them, in connection with the Released Claims; (ii) waive and disclaim any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by or on behalf of any of them; and (iii) agree that this Settlement Agreement shall be a complete bar to any such action.

## XIII.   REPRESENTATIONS AND WARRANTIES

Each of the Parties represents and warrants to, and agrees with, each of the other Parties as follows:

A.      To the extent permitted by law and the applicable rules of professional conduct, Class Counsel represent and warrant that they do not have any present intention to file any class action lawsuit in any jurisdiction, including other states or countries, relating in any way to the online accessibility of CenturyLink bills. Class Counsel further represent and warrant that they will not contact any other attorney or law firm to discuss or encourage pursuing litigation related to the online accessibility of CenturyLink bills.  The foregoing shall not restrict the ability of Class Counsel

to fulfill their responsibilities to absent Settlement Class Members in connection with the settlement proceedings in the Federal and State Actions.

B.    To the extent permitted by law and the applicable rules of professional conduct, the Settlement is conditioned on the Class Representative's and Class Counsel's agreement not to cooperate with any other lawyers who are litigating or who wish to litigate against the Released Parties related to the online accessibility of CenturyLink bills. The foregoing shall not restrict the ability of Class Counsel to fulfill their responsibilities to absent Settlement Class Members in connection with the settlement proceedings in the Federal and State Actions, nor shall it restrict Class Counsel's responsibility to respond to orders of any court or other legal obligation.

C.    Each Party has had the opportunity to receive, and has received, independent legal advice from his, her, or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Settlement Agreement, and the legal and income-tax consequences of this Settlement Agreement, and fully understands and accepts the terms of this Settlement Agreement.

D.    Named Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Named Plaintiff has or may have arising out of the Federal or State Actions or the Alleged Breach, and no portion of any recovery or settlement to which Named Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Named Plaintiff in any manner; and no Person or entity other than Named Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Settlement Agreement as those of Named Plaintiff himself.

E.    None of the Parties relies or has relied on any statement, representation, omission, inducement, or promise of any other Party (or any officer, agent, employee, representative, or attorney for the other Party) in executing this Settlement Agreement, or in making the Settlement provided for herein, except as expressly stated in this Settlement Agreement.

F.    Each of the Parties has investigated the facts pertaining to the Settlement and this Settlement Agreement, and all matters pertaining thereto, to the full extent deemed necessary by that Party and his or its attorneys.

G.    Each of the Parties has carefully read, and knows and understands the full contents of this Settlement Agreement and is voluntarily entering into this Settlement Agreement after having had the opportunity to consult with, and having in fact consulted with, his or its attorneys.

H.    Each term of this Agreement is contractual and not merely a recital.

18

## XIV. MISCELLANEOUS

A. <u>Extensions of Time</u>: Unless otherwise ordered by the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement and Settlement.

B. <u>Publicity or Media Inquiries About the Settlement</u>: In connection with any media inquiry or publicity concerning this Settlement, Class Counsel agree that they shall refer all inquiries to mark.molzen@centurylink.com, and that Class Counsel's public statements to the media or other third parties will accurately report that the stipulated amount of attorney fees and costs to be awarded to Class Counsel is approximately $150,000.

C. <u>Mutual Non-Disparagement</u>: To the extent permitted by law and the applicable rules of professional conduct, the Settlement is conditioned on the Parties' and their attorneys' agreement not to disparage the Released Parties or each other regarding the subject matters of the State and Federal Actions. The Class Representative and Class Counsel agree to not create, establish, or assist in the development of any website or "gripe" site that criticizes the Released Parties with respect to the State or Federal Action or the Settlement. The foregoing shall not restrict the ability of counsel from performing their responsibilities to absent Settlement Class Members in connection with settlement approval proceedings, nor shall it restrict counsel's responsibilities to respond to orders of any court or other legal obligations. This provision shall not be interpreted to interfere or limit any rights or obligations under the applicable rules of professional conduct or to extend to any matter that is unrelated to the subject matters of the State or Federal Actions.

D. <u>Return or Destruction of Confidential Documents</u>: Within thirty (30) days after the Effective Date, Plaintiffs will return or destroy (and certify in writing that they have destroyed) CenturyLink's confidential documents and Defendants will return and destroy (and certify in writing that they have destroyed) any confidential documents produced by Plaintiff.

E. <u>Conditional Nature of Agreement</u>: At Plaintiff's option, expressed in written notice to Defendants' counsel, this Settlement Agreement shall become null and void, and no obligation on the part of any of the Parties will accrue, if the Court materially alters any of the terms of this Settlement Agreement to the detriment of Plaintiff or the Settlement Class, or fails to enter the Preliminary Approval Order or the Final Approval Order in substantially the form submitted by the Parties. At Defendants' option, expressed in written notice to Class Counsel, this Agreement shall become null and void, and no obligation on the part of any of the Parties will accrue, if (a) the Court declines to certify the Settlement Class as provided in the Preliminary Approval Order; or (b) the Court materially alters any of the terms of this Settlement Agreement to the detriment of Defendants, or fails to enter the Preliminary Approval Order or the Final Approval Order in substantially the form submitted by the Parties. The Court's or any appellate court's failure to approve,

in whole or in part, any award of attorney fees and costs to Class Counsel, or any Service Award, as provided in Section X of this Agreement, shall not be grounds for rescission under this Section.

F.     Severability:  With the exception of the provision for attorney fees and costs to Class Counsel and Service Award to Named Plaintiff pursuant to Section X of this Settlement Agreement, none of the terms of this Settlement Agreement is severable from the others.  If the Court or a court of appeals should rule that any term is void, illegal, or unenforceable for any reason, however, Defendants, in their sole discretion, and Named Plaintiff, in his sole discretion (but acting in accord with his duties and obligations as representative of the Settlement Class), may elect to waive any such deficiency and proceed with the Settlement under the terms and conditions approved by the Court.

G.     Entire Agreement of Parties:  This Settlement Agreement constitutes and comprises the entire agreement between the Parties concerning the subject matter hereof.  It supersedes all prior and contemporaneous oral and written agreements and discussions.  It may be amended only by an agreement in writing, signed by the Parties.

H.     Binding on Agents, Successors, and Assigns:  This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest.

I.     Third-Party Beneficiaries:  All Released Parties other than the signatories to this Settlement Agreement are intended to be third-party beneficiaries of this Settlement Agreement.

J.     Cooperation in Implementation:  Defendants, Plaintiff, and their respective counsel agree to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Settlement Agreement.

K.     Governing Law:  This Settlement Agreement shall be construed and governed in accordance with federal procedural law and the substantive laws of the State of Washington, without regard to Washington's conflict-of-laws principles.

L.     No Admission of Liability:  The Parties are entering into this Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in this Settlement Agreement or in the documents relating to this Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether this Settlement Agreement ultimately becomes effective. Defendants maintain they have meritorious defenses to the Federal and State Actions.

M.    <u>Signatures</u>:  This Agreement may be executed in counterparts, and, when so
       executed, shall constitute a binding original.

**Class Counsel:**

_____

Richard E. Spoonemore
Sirianni Youtz Spoonemore Hamburger

10/22/18
Date

_____

Michael D. Myers
Myers & Company, PLLC

10/22/18
Date

**Plaintiff:**

_____

James Jantos

10/22/18
Date

**Defendants:**

_____
Name
Title
Qwest Corporation d/b/a CenturyLink QC

_____
Date

_____
Name
Title
DIRECTV and DIRECTV, LLC

_____
Date

_____
Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
Counsel for Qwest Corporation d/b/a CenturyLink QC

_____
Date

_____
Emily Harris
Corr Cronin LLP
Counsel for DIRECTV and DIRECTV, LLC

_____
Date

22

**Class Counsel:**

---
Richard E. Spoonemore                              Date
Siranni Youtz Spoonemore Hamburger

---
Michael D. Myers                                   Date
Myers & Company, PLLC

**Plaintiff:**

---
James Jantos                                       Date

**Defendants:**

---
Name  *Carmel  C.  Gill*                           October 27, 2018
Title  *Assistant General Counsel*                 Date
Qwest Corporation d/b/a CenturyLink QC

---
Name                                               Date
Title
DIRECTV and DIRECTV, LLC

---
Kathryn A. Reilly                                  Date
Wheeler Trigg O'Donnell LLP
Counsel for Qwest Corporation d/b/a CenturyLink QC

---
Emily Harris                                       Date
Corr Cronin LLP
Counsel for DIRECTV and DIRECTV, LLC

**Class Counsel:**

_____     _____
Richard E. Spoonemore                        Date
Siranni Youtz Spoonemore Hamburger


_____     _____
Michael D. Myers                             Date
Myers & Company, PLLC

**Plaintiff:**

_____     _____
James Jantos                                 Date


**Defendants:**

_____     _____
Name                                         Date
Title
Qwest Corporation d/b/a CenturyLink QC

_____     _____
Name  THOMAS J GREEN                         Date  10/22/18
Title  AVP - Sr. Legal Counsel
DIRECTV and DIRECTV, LLC


_____     _____
Kathryn A. Reilly                            Date
Wheeler Trigg O'Donnell LLP
Counsel for Qwest Corporation d/b/a CenturyLink QC


_____     _____
Emily Harris                                 Date
Corr Cronin LLP
Counsel for DIRECTV and DIRECTV, LLC


22

**Class Counsel:**

_____          _____
Richard E. Spoonemore                     Date
Siranni Youtz Spoonemore Hamburger


_____          _____
Michael D. Myers                          Date
Myers & Company, PLLC

**Plaintiff:**

_____          _____
James Jantos                              Date



**Defendants:**

_____          _____
Name                                      Date
Title
Qwest Corporation d/b/a CenturyLink QC

_____          _____
Name                                      Date
Title
DIRECTV and DIRECTV, LLC

_____          _____
Kathryn A. Reilly                         10/22/18
Wheeler Trigg O'Donnell LLP               Date
Counsel for Qwest Corporation d/b/a CenturyLink QC


_____          _____
Emily Harris                              Date
Corr Cronin LLP
Counsel for DIRECTV and DIRECTV, LLC

22

**Class Counsel:**

| | |
|---|---|
| Richard E. Spoonemore | Date |
| Siranni Youtz Spoonemore Hamburger | |

| | |
|---|---|
| Michael D. Myers | Date |
| Myers & Company, PLLC | |

**Plaintiff:**

| | |
|---|---|
| James Jantos | Date |

**Defendants:**

| | |
|---|---|
| Name | Date |
| Title | |
| Qwest Corporation d/b/a CenturyLink QC | |

| | |
|---|---|
| Name | Date |
| Title | |
| DIRECTV and DIRECTV, LLC | |

| | |
|---|---|
| Kathryn A. Reilly | Date |
| Wheeler Trigg O'Donnell LLP | |
| Counsel for Qwest Corporation d/b/a CenturyLink QC | |

| | |
|---|---|
| Emily Harris | 8/22/18 |
| Corr Cronin LLP | Date |
| Counsel for DIRECTV and DIRECTV, LLC | |

# Exhibit A

*Jantos v. DIRECTV, DIRECTV, LLC, and QWEST CORP. d/b/a CENTURYLINK QC*,
U.S. District Court for the Western District of Washington, Case No. 2:18-cv-00413-TSZ

**NOTICE TO SETTLEMENT CLASS MEMBERS OF PENDENCY OF CLASS ACTION
SETTLEMENT AND NOTICE OF FINAL APPROVAL HEARING ON PROPOSED
SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY
THIS MAY AFFECT YOUR LEGAL RIGHTS**

The purpose of this mailing ("Notice") is to inform you of the proposed settlement ("Settlement") in the above-entitled action ("Action") and your rights under it.  You have received this Notice because the records of Qwest Corp. d/b/a CenturyLink QC ("CenturyLink") indicate that you are a Settlement Class Member and eligible to participate in the Settlement described in this Notice.  "Settlement Class Member" is defined as an identified customer of CenturyLink in the United States and its territories who was sent notice from CenturyLink that his or her CenturyLink bill(s) were accessible online between March 5, 2017, and May 18, 2017.  Some Settlement Class Members are or were also customers of DIRECTV or DIRECTV, LLC (together, "DIRECTV"), who is also a defendant in the Action.  CenturyLink and DIRECTV are referred to as "Defendants."

| SUMMARY OF YOUR OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive an individual settlement benefit and you will give up any rights to sue CenturyLink or DIRECTV concerning the Released Claims.  The Released Claims are explained below. |
| **EXCLUDE YOURSELF** | If you do not want to participate in the Settlement and receive an individual settlement benefit, you may opt out and retain any rights you may have against CenturyLink or DIRECTV, as explained below. |
| **OBJECT** | You may also file an objection with the U.S. District Court for the Western District of Washington and serve it upon the Settlement Administrator explaining why you do not agree with the Settlement.  The Court may or may not agree with your objection. |

Which option you choose is entirely up to you.  Whether you elect to participate in the settlement (i.e., by doing nothing), exclude yourself, or object, it will not impact your business relationship with CenturyLink or DIRECTV.

| **WHAT WILL I GET IF I PARTICIPATE IN THE SETTLEMENT?** | Look at the Individual Settlement Benefits described in Section 8 below "What Does the Settlement Provide and What Can I Get from It?" |
|---|---|

**THE FOLLOWING IS NOT AN EXPRESSION OF THE COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE PARTIES.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
| --- |

| *1.  Why Did I Get This Notice?* |
| --- |

Because you may be a Settlement Class Member, and are eligible to receive benefits under the Settlement. CenturyLink's records indicate that you are or were a customer of CenturyLink in the United States and its territories and that you were sent notice from CenturyLink that your CenturyLink bill(s) were accessible online between March 5, 2017, and May 18, 2017.

The U.S. District Court for the Western District of Washington (the "Court") preliminarily approved the Settlement on behalf of the Class.  The Court has not entered judgment on the merits and has not determined that there is any merit to Plaintiff's claims or that CenturyLink or DIRECTV engaged in any wrongdoing. The Court still has to decide whether to grant final approval of the Settlement.  If the Court grants final approval of the Settlement, and after any objections and appeals are resolved, the benefits provided under the Settlement will be distributed.

Plaintiff, DIRECTV, and CenturyLink, and their respective counsel, have concluded that the Settlement is fair and in the best interests of the Settlement Class Members considering the risks and uncertainties to each side of continued litigation.  Because this Settlement will affect your legal rights, the Court ordered that this Notice be sent to you.  This Notice will provide you with a brief description of the Action, summarize the terms of the Settlement, and inform you of your legal rights.

| *2.  What Is The Lawsuit About?* |
| --- |

On March 19, 2018, Plaintiff James Jantos filed a lawsuit individually and on behalf of others similarly situated claiming that, in violation of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338(i), CenturyLink and DIRECTV had disclosed or failed to protect information related to his DIRECTV subscription contained in his CenturyLink bill, which he alleged was accessible online. Specifically, Plaintiff alleged that after searching the internet for a phone number he did not recognize on his CenturyLink bill, he discovered that his March 2017 bill, which included information related to his DIRECTV subscription, was publicly available online via a unique URL, and that he and his colleague acting at his direction were able to access bills of other customers.  Plaintiff did not allege that any bill included credit or debit card information, social security number, or date of birth; nor did he allege that anyone other than himself and his colleague accessed his or anyone else's bill.  On October 22, 2018, Plaintiff moved to amend his complaint to add a claim for violations of the Telecommunications Act, 47 U.S.C. § 222, based on the same alleged facts.

| *3.  What Position Do CenturyLink and DIRECTV Take?* |
| --- |

CenturyLink and DIRECTV deny Plaintiff's claims, deny that Plaintiff or anyone else was damaged by the alleged release of billing information, and believe that they do not have any liability to the Settlement Class for the claims asserted in the Action or that, but for the Settlement, the class should be certified. CenturyLink and DIRECTV agreed to this Settlement solely to compromise highly-disputed claims.

Nothing in this Settlement is intended or will be construed as an admission of liability or wrongdoing by CenturyLink or DIRECTV, or an admission by Plaintiff that any of his claims were non-meritorious or any defense asserted by CenturyLink or DIRECTV was meritorious.

**4.  Who Are The Attorneys Representing the Plaintiff and Settlement Class?**

**Attorneys for Plaintiff and the Class ("Class Counsel")**

| | |
|---|---|
| **SIRIANNI YOUTZ SPOONEMORE HAMBURGER**<br>Richard E. Spoonemore<br>Chris R. Youtz<br>701 Fifth Avenue, Suite 2560<br>Seattle, WA 98104<br>Telephone: (206) 223-0303<br>Facsimile: (206) 223-0246<br>Email: cyoutz@sylaw.com<br>        rspoonemore@sylaw.com | **MYERS & COMPANY, PLLC**<br>Michael David Myers<br>1530 Eastlake Avenue East<br>Seattle, WA 98102<br>Telephone: (206) 398-1188<br>Facsimile: (206) 400-1115<br>Email: mmyers@myers-company.com |

**DO NOT CALL THE COURT REGARDING THIS SETTLEMENT
IF YOU ELECT TO REMAIN A SETTLEMENT CLASS MEMBER, YOU SHOULD
NOT CONTACT COUNSEL FOR DEFENDANTS**

**5.  Do I Need to Hire an Attorney?**

You do not need to hire your own attorney for this Settlement. You are already represented by Class Counsel (see Section 4).  However, you may hire your own attorney at your own expense if you choose to do so.  If you hire an attorney, your attorney must file a Notice of Appearance with the above-entitled Court no later than <<DATE>>.  You will be responsible for any attorneys' fees and costs charged by your own attorney.

**6.  Why Is There a Settlement?**

Plaintiff, DIRECTV, and CenturyLink have determined that it is in their mutual best interest to settle this Action due to the uncertainties of trial, benefits of settlement, associated costs of continued litigation, likely appeals, and inconvenience and interference with personal matters and business operations.  The Settlement was reached through lengthy negotiations between the parties before a neutral, independent, third-party mediator, Hon. Bruce Hilyer (Ret.)

The Court did not decide in favor of Plaintiff, DIRECTV, or CenturyLink.  After a thorough investigation into the facts of this lawsuit, Plaintiff, DIRECTV, and CenturyLink agreed to the Settlement.  The Class Claims against CenturyLink and DIRECTV were settled because Class Counsel and Plaintiff, acting as the Class Representative, believe that the amount of the Settlement is fair and reasonable in light of the strength and weaknesses of the lawsuit and other factors.

**7.  How Do I Know If I Am Part of the Settlement?**

You are a Settlement Class Member if you are or were a customer of CenturyLink in the United States and its territories who was sent notice from CenturyLink that your CenturyLink bill(s) were accessible online between March 5, 2017, and May 18, 2017.

## 8.   *What Does the Settlement Provide and What Can I Get from It?*

The Settlement Class is made up of two subclasses: (1) the DIRECTV Subclass, which includes members of the Settlement Class whose CenturyLink bills, which were accessible online between March 5, 2017 and May 18, 2017, included DIRECTV services; and (2) the Non-DIRECTV Subclass, which includes the remaining members of the Settlement Class who are not in the DIRECTV Subclass.

Under the Settlement, the Settlement Class Members will receive the following benefits:

- Each member of the Non-DIRECTV Subclass will receive from the Settlement Administrator via email and U.S. Mail the information necessary to activate one year of three-bureau credit monitoring service, and $1 million in identity theft insurance, from Experian.
- Each member of the DIRECTV subclass who is a current CenturyLink customer will receive a $700 credit to their account from CenturyLink, on behalf of itself and DIRECTV. The credit will be made in two installments. The first will be no more than 45 days after the Settlement Effective Date, and the second will be made in January of the calendar year following the payment of the first credit, and no later than January 31 of that year.
- Each member of the DIRECTV subclass who is not a current CenturyLink customer will be mailed two checks, totaling $700, from CenturyLink, on behalf of itself and DIRECTV, which will be valid for 90 days. The first check will be mailed no more than 45 days after the Settlement Effective Date, and the second check will be mailed in January of the calendar year following the payment of the first check, and no later than January 31 of that year.

The difference in the laws that apply to the Non-DIRECTV Subclass and the DIRECTV subclass are part of the reason the benefits are different.  You can read more about the settlement benefits and why the Subclasses are getting different benefits on the settlement website at <<**URL**>>.

**You will be solely responsible** for the reporting and payment of any federal, state, and/or local income or other tax withholdings, if any, on your individual settlement benefit.  If you do not timely submit a valid request for exclusion by <<**DATE**>>, you will receive your individual settlement benefit after the Court approves the Settlement.

In addition, Class Counsel plans to apply to the Court for a $10,000 Service Award to Plaintiff James Jantos, in addition to the benefits provided to all Settlement Class Members, in recognition of his efforts and risks taken in leading and pursuing this Action.  The Court will determine the actual amount awarded to Plaintiff. Defendants have agreed not to oppose Class Counsel's application for a Service Award (up to $10,000). Class Counsel also plan to apply to the Court for their reasonable attorney fees and costs.  The Court will determine the actual amount.  Defendants have agreed not to oppose Class Counsel's application for an amount of attorney fees and costs up to $150,000.  CenturyLink, on behalf of itself and DIRECTV, will pay the court-ordered amount of Plaintiff's Service Award and attorney fees (up to $150,000).  Class Counsel's fee application will be available on the settlement website at <<**URL**>> on or about <<**DATE**>>.

Finally, CenturyLink will pay Settlement Administrator's administration and notice expenses, including the cost of preparing and mailing this Notice.

## 9.  How Can I Get Payment?

If you take no further action as a Settlement Class Member, you will be represented by Class Counsel, and will have the right to obtain your individual settlement benefit if the Settlement is approved by the Court and the Effective Date occurs.[1]  You will receive your individual settlement benefit at the same address where you received the notice from CenturyLink.

If you move or change your address, you must send notice of your change of address to the Settlement Administrator so that your individual settlement benefit can be sent to your new address.

You will be bound by the terms of the Settlement, which will result in a release of your claims as described below under **Released Claims**.

## 10.  When Would I Get My Payment?

The Court will hold the Final Approval Hearing on or about <<**DATE**>> in the U.S. District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101, to decide whether to approve the Settlement.  The benefits described in Section 8 under *What Can I Get from the Settlement* will begin being issued within 45 days of the Settlement Effective Date.

## 11.  What Rights Do I Give Up If I Participate or Do Nothing?

Unless you exclude yourself from the Settlement, you will be part of the Settlement Class, and you will be bound by the terms of the Settlement, including the Released Claims described below. That means that you will be unable to sue, or to continue to sue, or be part of any other lawsuit about the Released Claims.  It also means that all of the Court's orders will apply to you and legally bind you.

### Released Claims

Upon the Effective Date, unless you submit a valid and timely request for exclusion, you shall be deemed to have fully and finally released all federal and state statutory, common law, and/or equitable claims that have been or could have been brought against Defendants and their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and each of their respective past, present, and future officers, directors, agents, representatives, servants, employees, attorneys, and insurers (the "Released Parties"), for any and all losses and damages (including attorneys' fees and costs) relating to, in connection with, or directly or indirectly arising from the alleged online accessibility of certain CenturyLink customers' bills between March 5, 2017 and May 18, 2017, including all rights, causes of actions, claims, and lawsuits against the Released Parties that may exist or arise in the future because of such future injuries, damages, losses, or future consequences or results of known or unknown injuries that relate to or arise out of the subject matter of this Action.

---

[1] "Effective Date" means the date on which the judgment becomes Final, unless there are no objections to the settlement, in which case the Effective Date will be the date of entry of judgment.

**Questions**?                                                                                                      Page 5
Call XXX-XXX-XXXX

141701133.1

## 12.  How Do I Exclude Myself from the Settlement

If you do not wish to participate in the Settlement, you may exclude yourself (generally called "opting out") by submitting a written opt-out request to the Settlement Administrator.  Your request for exclusion must either be made at the settlement website at <<**URL**>>, or it must (a) be in writing; (b) state your name, address and telephone number; (c) state your CenturyLink Account Number; (d) request exclusion from the Settlement Class saying words to the effect of "I wish to opt-out of the Settlement Class in: *Jantos v. DIRECTV*, Case No. 2:18-cv-00413-TSZ (W. D. Wash.)"; (e) be signed and dated by you, with a return mailing address, and returned via United States first class mail post-marked no later than  <<**DATE**>> to the Settlement Administrator identified below.

You must sign the request for exclusion personally and may not have someone sign for you, nor may you submit a request for exclusion on behalf of a group.

<div align="center">

**Settlement Administrator**
**c/o Rust Consulting**
**[Address]**
**[Phone Number]**

</div>

If you submit a timely request for exclusion, then upon its receipt you shall no longer be a member of the Settlement Class, you shall be barred from participating in any portion of the Settlement, you may not object to the Settlement, and you shall receive no benefits from the Settlement.  If you wish, you may pursue any claims you may have against CenturyLink or DIRECTV.  If you do not submit a complete and timely written request for exclusion, you will be included in the Settlement Class, and be bound by the terms of the Settlement (including the Released Claims described in Section 11 above), whether or not you filed an objection  to the Settlement.

Do not submit both an objection and request for exclusion. If you submit both, the request for exclusion will be controlling, and you will be excluded from the Settlement Class.

The Court will hold the Final Approval Hearing at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101 on <<**DATE AND TIME**>> or such other, later date as the Court may authorize, to determine whether the Settlement is fair, reasonable, and adequate; and if there are objections, the Court  will consider them.  The Court will also be asked to approve requests including, but not limited to, Class Counsel's request for attorney fees and litigation costs, the Class Representative's Service Payment, and the Settlement Administration Costs.

The hearing may be continued without further notice to Settlement Class Members.  It is not necessary for you to appear at this hearing unless you have filed a notice of intention to appear with the Court.

## 13.  How Do I Object to the Settlement and Appear at the Final Approval and Fairness Hearing?

If you do not submit a timely and valid request for exclusion but wish to object or otherwise be heard concerning this Settlement, you must provide the Settlement Administrator with written notice of your intent to object or comment on this Settlement.  To be considered timely, the notice must be served on the Settlement Administrator no later than <<**DATE**>>.

**Questions**?                                                                                                     Page 6
Call **XXX-XXX-XXXX**

141701133.1

The notice must set forth any and all objections/comments to this Settlement and include any supporting papers and arguments.  Any person who fails to submit such a timely written notice shall be barred from making any statement objecting to this Settlement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court.  Either of the Parties may file a responsive document to any notice of intent to object or appear with the Court no later than five (5) business days before the Final Approval and Fairness Hearing.

You do not have to attend the hearing, but you may do so at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you  filed  and served your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

If you object to the Settlement, you will still remain a Member of the Settlement Class, and if the Court approves the Settlement, you will be bound by all the terms of the Settlement including the Released Claims against the Released Parties.

If you do not properly object to the Settlement, you waive your right to later object to the Settlement, whether by appeal or otherwise.  Do not file an objection if you decided to exercise your right to opt-out of the Settlement as described above, because you are not permitted to do so.

If the court approves the Settlement despite any objections, you will receive your individual settlement benefit and will be bound by the terms of the Settlement (including the Released Claims described in Section 11 above).

## 14.  How Do I Get Additional Information?

Additional information about the Settlement is available at the settlement website here: <<**URL**>>. Important information about the Settlement will be posted at the website, including the Class Action Settlement Agreement and General Release, the Preliminary Approval Order issued by the Court, Frequently Asked Questions and Answers, and Class Counsel's fee application, which will be available on or about <<**DATE**>>.

If you move or change your address, and you want to continue to receive information and/or your individual settlement benefit at your new address, you must send notice of your change of address to the Settlement Administrator.

This Notice is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you should consult the Class Action Settlement Agreement and General Release, which is available at the settlement website and on file with the Clerk of the Court, Case Number 2:18-cv-00413-TSZ, U.S. District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101. You may also contact the Settlement Administrator  at <<**CONTACT**>> and/or Class Counsel listed in Section 4.

## 15.  Important Deadlines

The deadline to submit any of the following is <<**DATE**>>:

- Request for Exclusion from Participating in Settlement; or

**Questions**?                                                                                      Page 7
Call **XXX-XXX-XXXX**

- Notice of Objection to Settlement.


**THE COURT APPROVES THIS NOTICE.**

DATED this _____ day of _____, 2018.

<div style="margin-left:50%">

By: Order of the U.S. District Court for the
     Western District of Washington

UNITED STATES DISTRICT JUDGE


_____

JUDGE THOMAS S. ZILLY

</div>

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS**

**Exhibit B**

This official website is maintained by the Claims Administrator in the Action, retained by and under the supervision of Class Counsel.  Below are answers to certain Frequently Asked Questions ("FAQs").

**1.      What is this lawsuit about?**

On March 19, 2018, a lawsuit was filed against CenturyLink and DIRECTV in the U.S. District Court for the Western District of Washington: *Jantos v. DIRECTV, DIRECTV, LLC, and QWEST CORP. d/b/a CENTURYLINK QC*, No. 2:18-cv-00413-TSZ (the "Action").  The person who brought this Action, James Jantos, is called the Plaintiff.  The entities the Plaintiff sued are called the Defendants.  In this case, Qwest Corporation d/b/a CenturyLink ("CenturyLink") and DIRECTV, and DIRECTV, LLC (collectively, "DIRECTV") are the Defendants.

For purposes of the proposed Settlement, Plaintiff has been appointed to represent the Settlement Class.  Plaintiff's attorneys also have been appointed to represent the Settlement Class for purposes of the proposed Settlement, and therefore are called Class Counsel.

The Action claimed that the Defendants disclosed or failed to protect information related to Plaintiff's DIRECTV subscription contained in his CenturyLink bill, which Plaintiff alleged was accessible online, and that this conduct violated the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338(i) ("SHVERA").  Specifically, Plaintiff alleged that after searching the internet for a phone number he did not recognize on his CenturyLink bill, he discovered that his March 2017 bill, which included information related to his DIRECTV subscription, was publicly available online via a unique URL, and that he and his colleague were able to access bills of other customers.  Plaintiff did not allege that any bill included credit or debit card information, social security number, or date of birth; nor did he allege that anyone other than himself and his colleague accessed his or anyone else's bill.  Plaintiff sought to bring this claim on behalf of himself and others that are similarly situated.

On October 22, 2018, Plaintiff added a claim for violations of the Telecommunications Act, 47 U.S.C. § 222, to the Action, based on the same alleged facts.  Plaintiff also sought to bring this claim on behalf of himself and others that are similarly situated.

The proposed Settlement is the product of negotiations between Class Counsel and the Defendant's counsel, with the assistance of a neutral, independent, third-party mediator, Hon. Bruce Hilyer (Ret.).

Defendants expressly deny any wrongdoing or liability of any kind, and believe that they would have been ultimately successful had the litigation continued.

In settling this Action, Plaintiff does not concede that his claims lack merit.

**2.      Why was the Action filed as a class action?**

In a class action, one or more people called class representatives (in this case James Jantos), sue on behalf of other people who have similar claims.  All of the people who have similar claims make up a "class" and are referred to individually as "class members."  Bringing a lawsuit as a class action allows the court to consider and resolve all at once many similar individual claims that might be economically too small to bring individually.  The Action at issue here alleges wrongful conduct that is claimed to affect a large group of people in a similar way.  Accordingly, Plaintiff filed this case as a class action.

**3.      Why is there a Settlement?**

By agreeing to a Settlement, both sides avoid the risks and costs of a trial.  The Settlement Class will receive individual benefits (both the Settlement Class and benefits are described in more detail below) in exchange for releasing any claims they may have against the Defendants based on the conduct alleged in this case.  The terms of the proposed Settlement will be reviewed by the Court.

The Plaintiff and Class Counsel think the Settlement is fair, reasonable, and adequate.  They also believe that the individual benefits are a good result for the Settlement Class given the possibility that the members of the

Settlement Class could otherwise recover nothing if Plaintiff's claims were dismissed by the Court or if the Court denied class certification, and the likelihood that litigation of the Action would continue for many years.

**4.      How do I know if I am a member of the Settlement Class?**

Customers of CenturyLink in the United States and its territories who were sent notice from CenturyLink that their CenturyLink bill(s) were accessible online between March 5, 2017, and May 18, 2017, are members of the Settlement Class and therefore affected by the Settlement.  If you received a Notice of Class Action Settlement about this case, you are a member of the Settlement Class.

In addition, there are two subclasses of the Settlement Class: (1) the DIRECTV Subclass, which includes Settlement Class members whose accessible CenturyLink bills included DIRECTV services; and (2) the Non-DIRECTV Subclass, which includes the people in the Settlement Class who are not in the DIRECTV Subclass.

The benefits you will receive as a Settlement Class Member will be different depending on whether you are a member of the DIRECTV Subclass or the Non-DIRECTV Subclass.  For more information, see Question 9 below.

**5.      If I am a CenturyLink customer, am I definitely a member of the Settlement Class?**

Not necessarily.  Only the CenturyLink customers who were sent notice from CenturyLink that their CenturyLink bill(s) were accessible online between March 5, 2017, and May 18, 2017, are members of the Settlement Class.

**6.      If I receive DIRECTV services, am I definitely a member of the DIRECTV Subclass?**

Not necessarily.  The DIRECTV Subclass includes only the CenturyLink customers who were sent notice from CenturyLink that their CenturyLink bill(s) were accessible online between March 5, 2017, and May 18, 2017, *and* whose accessible bill(s) included information about their DIRECTV services.

**7.      What if I am still not sure if I am included?**

If you are still not sure whether you are a member of the Settlement Class, you can consult with an attorney of your own choosing or you can call ==(NNN) NNN-NNNN== for more information.  Please do not call the Court, CenturyLink, or DIRECTV.

**8.      Can I exclude myself from the Settlement Class or opt-out from the Settlement?**

Yes, you have a right to exclude yourself from the Settlement Class or opt out of the Settlement.  If you exclude yourself or opt out, you will not receive any individual benefits from this Settlement.  You will, however, retain the right to file your own claims against CenturyLink or DIRECTV arising from the potential accessibility of your bills online from March 5, 2017, to March 18, 2017.

You may exclude yourself or opt-out by completing and submitting an opt-out request here, or by mailing to the Claims Administrator a signed and dated opt-out request containing (1) your name, address, and telephone number; (2) your CenturyLink Account Number; and (3) the following language or words to the same effect:

> I wish to opt-out of the Settlement Class in: *Jantos v. DIRECTV*, Case No. 2:18-cv-00413-TSZ (W. D. Wash.).  By Opting Out, I understand that I will not be awarded any damages from this lawsuit but that I am preserving any rights I would otherwise have to sue CenturyLink or DIRECTV for damages.

You must mail your opt-out request to the Claims Administrator at:

<<**ADDRESS**>>

All requests to Opt-Out must be received by <<**DATE**>>.  Please note that if the proposed Settlement is approved,

all members of the class who do not properly opt out will be bound by the terms of the Settlement.

**9.     What does the proposed Settlement provide?**

Under the proposed Settlement, the Settlement Class Members will receive the following benefits:

- Each member of the Non-DIRECTV Subclass will receive one year of three-bureau credit monitoring service and $1 million in identity theft insurance from Experian, paid by for CenturyLink on behalf of itself and DIRECTV.

- Each member of the DIRECTV Subclass who is a current CenturyLink customer will receive a total of $700 in credits to his or her account from CenturyLink, on behalf of itself and DIRECTV.  Current CenturyLink Customers may seek distribution of any credit balance on their account in accordance with the usual policies and procedures of CenturyLink for refunding credit balances. The first credit will be for $599, and it will be applied to Current CenturyLink Customers' accounts within 45 days of the Effective Date of the Settlement. The second credit will be for $101, and it will be applied to Current CenturyLink Customers' accounts by January 31 of the calendar year following the processing of the first credit.

- Each member of the DIRECTV Subclass who is not a current CenturyLink customer will be mailed two checks totaling $700 check from CenturyLink, on behalf of itself and DIRECTV, which will each be valid for 90 days. The first check will be for $599, and it will be mailed within 45 days after the Effective Date of the Settlement. The second check will be for $101, and it will be mailed by January 31 of the calendar year following payment of the first check.

In addition, Class Counsel plans to apply to the Court for a $10,000 Service Award to Plaintiff, in addition to the benefits provided to all Settlement Class Members, in recognition of his efforts and risks taken in leading and pursuing this Action.  The Court will determine the actual amount awarded to Plaintiff.  Defendants have agreed not to oppose Class Counsel's application.

Class Counsel also plan to apply to the Court for their reasonable attorney fees and costs.  The Court will determine the actual amount.  Defendants have agreed not to oppose Class Counsel's application for an amount of attorney fees and costs up to $150,000.  CenturyLink, on behalf of itself and DIRECTV, will pay the court-ordered amount of Plaintiff's Service Award and attorney fees (up to $150,000).  Class Counsel's fee application will be available on the settlement website around <<**DATE**>> at the "Court Documents" link. Finally, Defendants will pay the Settlement Administrator's administration and notice expenses.

**10.  Why are the individual benefits different for the Non-DIRECTV Subclass and the DIRECTV Subclass?**

The difference in the laws that apply to the Non-DIRECTV Subclass and the DIRECTV Subclass are part of the reason the benefits are different.  Specifically, the SHVERA statute provides for liquidated, or statutory, damages but applies only to the DIRECTV Subclass, whereas only the Telecommunications Act statute applies to the Non-DIRECTV Subclass and the Telecommunications Act does not provide for liquidated, or statutory, damages.  For more information about why the Subclasses are getting different benefits, you can review the Motion for Preliminary Approval on the settlement website here.

**11.  When will Settlement Class members receive their benefits?**

The Court has scheduled a hearing on <<**DATE**>> at <<**TIME**>> to decide whether to approve the Settlement.  If the Court approves the Settlement, within forty-five (45) days of the Effective Date of the Settlement Agreement:

- The Settlement Administrator will send Non-DIRECTV Subclass members the information necessary to activate their Credit Monitoring services via email and U.S. mail.

- DIRECTV Subclass members who are current CenturyLink customers will receive a $700 credit to their

account.

- The Settlement Administrator will send DIRECTV Subclass members who are not current CenturyLink customers a $700 check that will be valid for 90 days.

The individual settlement benefits will be sent to the same addresses that CenturyLink sent the original notices. The exact date will depend on the timing of approval and whether there are any appeals.

### 12.  What am I giving up in exchange for the Settlement benefits?

Upon the Effective Date, unless you submit a valid and timely request for exclusion, you shall be deemed to have fully and finally released all federal and state statutory, common law, and/or equitable claims that have been or could have been brought against Defendants and their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and each of their respective past, present, and future officers, directors, agents, representatives, servants, employees, attorneys, and insurers (the "Released Parties"), for any and all losses and damages (including attorneys' fees and costs) relating to, in connection with, or directly or indirectly arising from the alleged online accessibility of certain CenturyLink customers' bills between March 5, 2017 and May 18, 2017, including all rights, causes of actions, claims, and lawsuits against the Released Parties that may exist or arise in the future because of such future injuries, damages, losses, or future consequences or results of known or unknown injuries that relate to or arise out of the subject matter of this litigation (the "Released Claims").

The above definitions include certain other terms that are separately defined in the proposed Class Action Settlement Agreement ("Settlement Agreement") but are not reproduced here.  For more information, please see the Settlement Agreement here.

### 13.  Do I have a lawyer in this case?

In its order directing distribution of Class Notice to the Class Members and scheduling the final Settlement hearing, the Court appointed the following law firms to represent the Settlement Class:

| **SIRIANNI YOUTZ SPOONEMORE HAMBURGER** | **MYERS & COMPANY, PLLC** |
|---|---|
| Richard E. Spoonemore | Michael David Myers |
| Chris R. Youtz | 1530 Eastlake Avenue East |
| 701 Fifth Avenue, Suite 2560 | Seattle, WA 98102 |
| Seattle, WA 98104 | Telephone: (206) 398-1188 |
| Telephone: (206) 223-0303 | Facsimile: (206) 400-1115 |
| Facsimile: (206) 223-0246 | Email: mmyers@myers-company.com |
| Email: cyoutz@sylaw.com rspoonemore@sylaw.com | |

These lawyers are called Class Counsel, as explained above.  If you want to be represented by your own attorney, you may hire one at your own expense.

### 14.  How will the lawyers be paid?

The Defendants have agreed to pay up to $150,000.00 to Class Counsel to compensate them for their work on the Action and to reimburse them for associated expenses.  That amount is being paid by Defendants separate and apart from the individual settlement benefits, and is contingent upon approval by the Court.  You are not responsible for paying Class Counsel.

Class Counsel also intends to ask the Court to award a Service Award of $10,000.00 to Plaintiff for his contributions to the prosecution and Settlement of the Action.  Any such award will be paid by the Defendants separate and apart from the individual settlement benefits.

Copies of Class Counsel's applications for attorneys' fees, expenses, and service awards may be accessed (after they are filed) at the "Court Documents" link on the left side of this page around <<**DATE**>>.

**15.  How do I tell the Court that I do not like the proposed Settlement?**

You can ask the Court to deny approval of this settlement by filing an objection with the Court, including an objection to Class Counsel's request for fees and/or Service Award.  You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the proposed settlement.  If you want the settlement to be rejected for any reason, you must object.  You must object to the proposed settlement in writing and file your written objection with the Clerk of Court.  You must set forth your full name, address, and signature, along with a statement of the reasons for your objection.  The Court must receive your objection by <<**DATE**>> for it to be considered.  To file an objection, you must file it, including the case name and number, with the Clerk of Court either in person or by mail at:

<div align="center">
Clerk of Court: Western District of Washington<br>
700 Stewart Street<br>
Seattle, WA 98101
</div>

If you file an objection, you may also appear at the final approval hearing which will address the settlement's fairness.  You may appear at the hearing either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.

**16.  Can I both Object to and Opt Out of the Settlement?**

No.  If you submit both an opt-out request and an objection, your opt-out request will control and you will be excluded from the Settlement Class.  This means you will not receive any individual benefits from this Settlement.

**17.  When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a fairness hearing to decide whether to approve the settlement.  The fairness hearing is scheduled for <<**DATE**>> at <<**TIME**>>, before Judge Thomas S. Zilly at the U.S. District Court for the Western District of Washington, in Courtroom 15206 of the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections or requests to be heard, the Court may consider them at the hearing.  The Court may also decide the amount of attorney fees and costs to be paid to Class Counsel.  The date of the fairness hearing may change without further notice to the class.  You should check back on this settlement website, or the U.S. Court's Public Access website at PACER.gov to get the most current information concerning the date of the final approval hearing.  To be heard at the hearing, you must include notice of your intent to present objections orally at the hearing with your written objection.

**18.  Do I have to come to the Fairness Hearing?**

No.  Class Counsel will answer any questions the Court may have about the proposed Settlement, and the applications for attorney fees, expenses, and case contribution awards.  You and/or your counsel are welcome to attend the Fairness Hearing at your own expense, but you do not have to, even if you filed an objection.  The Court will consider every timely filed objection even if the objectors are not present at the Fairness Hearing.

**19.  May I speak at the Fairness Hearing?**

If you are a Settlement Class Member and you file an objection to the proposed settlement or any of its terms before the deadline and in accordance with the instructions at Question 15, above, you and/or your counsel may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must state in your written objection that you intend to appear and would like to speak at the Fairness Hearing.  See Question 15, above.

**20.  What happens if I do nothing at all?**

You do not have to take any action in order to participate as a member of the Settlement Class.  If you do nothing, you will receive an individual settlement benefit and you will give up any rights to bring the Released Claims against CenturyLink or DIRECTV, as described in more detail in Question 12 above.

### 21.  Where can I get more details about the proposed Settlement?

The Class Notice you received and this FAQ summarize the terms of the proposed Settlement.  The full terms and conditions of the proposed Settlement are set forth in the Settlement Agreement dated <<**DATE**>>.  You can get a copy of the Settlement Agreement, as well as copies of the Court's Preliminary Approval Order and Class Counsel's applications for attorney fees, expenses, and service awards (after they are filed) at the "Court Documents" link on the left side of this page, or by writing to Class Counsel at the addresses listed in Question 13, above.

### 22.  What if I have a question that was not answered here?

Contact (NNN) NNN-NNNN or contact Class Counsel.  See Question 14, above.

You will need Adobe Reader to view documents on this site.  You can learn more about Adobe Reader and download the latest version by clicking here.