UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES JANTOS, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

DIRECTV, et al.,

Defendants.

C18-413 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's unopposed motion for leave to amend his pleading, docket no. 37, is GRANTED. Plaintiff shall electronically file any amended complaint within fourteen (14) days of the date of this Minute Order.

(2) The parties' joint motion, docket no. 38, for preliminary approval of class action settlement is DENIED without prejudice for the following reasons:

(a) Definition of the Class: When this action commenced, the putative class consisted of all individuals (i) who were subscribers of DirecTV and were charged for DirecTV and CenturyLink services in a combined bill, and (ii) whose personally identifiable information was publicly available since March 19, 2014. The parties now ask the Court to certify for settlement purposes a nationwide class of CenturyLink customers "who **received** notice from CenturyLink that their CenturyLink bills were accessible online between March 5, 2017, and May 18, 2017." *See* Prop. Order at 4 (docket no. 38-2) (emphasis added); *see also* Settlement Agreement at § I(JJ) (docket no. 38-1). The parties' joint motion, however, suggests that the class is comprised of CenturyLink customers "who

MINUTE ORDER - 1

were **sent** notice" that their bills were accessible online.  *See* Mot. at 4 (docket no. 38) (emphasis added, erroneously citing § 1(HH) of the proposed Settlement Agreement).  The difference in wording is significant, and it has raised doubts concerning whether the proposed definition of the class is sufficient to render the members of the class ascertainable.  Although CenturyLink presumably has a record of the addresses to which it *sent* notices about the online accessibility of certain bills, the parties provide no indication that CenturyLink or any other entity has a list of individuals who actually *received* such notices.  Moreover, although a copy of the notice has been filed as an attachment to the currently operative pleading, *see* Ex. A to Compl. (docket no. 1-1), the parties have offered no information concerning when or in what manner the notice was *sent* or would have been *received* by putative class members, and thus, whether any notice that might have been *received* qualifies an individual as a member of the class cannot be determined.  Finally, the parties have not addressed whether the class of persons to whom notice was *sent* is merely a subset of the group of individuals whose CenturyLink and/or DirecTV bills were accessible online during the period at issue, and if not, why the class should not be comprised of **all** individuals affected by the technical problem with CenturyLink's MyAccount portal, as opposed to just those who *received* notice of the issue.

     (b)    Typicality and Adequacy:  The parties propose to divide a class of 855 members into two subclasses, namely (i) a subclass of 311 persons who each bundled their CenturyLink and DirecTV services and would receive $700 from the settlement, in installments of $599 the first year and $101 the second year, in the form of either check or credit to their CenturyLink accounts, and (ii) a subclass of 544 persons who did not have DirecTV services, and would receive no settlement funds, but would be given an activation code for one year of credit monitoring.  Plaintiff James Jantos is in the first subclass.  Given the disparity in the benefits that the first and second subclasses would receive from the proposed settlement, which the parties contend correlates with the differences in the claims of the first and second subclasses and the available remedies, the Court is not satisfied that plaintiff's claims are typical of the claims of the class, as opposed to just the first subclass, or that plaintiff can fairly and adequately represent the interests of the members of the second subclass.

     (c)    Notice:  In addition to the problems outlined above, which also affect the form of notice to be provided to putative class members, the parties' proposed notice cannot be approved for the following reasons:

          (i)    The proposed form of notice instructs class members to send objections directly to the Court, as well as to the settlement administrator.  This approach requires any class member wishing to object to incur unnecessary duplication charges and postage, and it might unreasonably

burden court staff.  All correspondence from class members, including objections, opt-out forms, and notices of intent to appear at a final approval hearing, should instead be sent to the settlement administrator, which shall distribute such materials to counsel as counsel directs, prepare a suitable affidavit or declaration summarizing such submissions (or lack thereof), and electronically file such affidavit or declaration, along with copies of all executed opt-out forms and objections (redacted as required by Local Civil Rule 5.2), at least seven (7) days before any final approval hearing.  The parties are encouraged to create an opt-out form, to distribute the opt-out form along with notices mailed and/or emailed to class members, and to make the opt-out form available for download from the website maintained for this matter.

(ii)     Contrary to the repeated statements in the proposed form of notice, the Court will <u>not</u> require that class members submit written objections or notices of intent to appear as a prerequisite to appearing and being heard at a final approval hearing.  To be clear, class members and/or their counsel may present objections and any other remarks at a final approval hearing, without providing advance notice of their intent to do so.

(iii)    The proposed form of notice indicates that materials may be obtained by class members from the Clerk of the Court.  This plan is unworkable for both the Clerk of the Court and class members, who apparently reside in all states and territories of the United States, and who might not be able to easily get to the courthouse to review the items in the case file.  The parties are directed to instead post on the website maintained for this matter all materials relating to this action that class members might wish to view, and to include appropriate language to that effect in the class notice.

(iv)    Any form of notice shall not give the misimpression that the Court has already approved the proposed class action settlement.  Thus, the phrase "THE COURT APPROVES THIS NOTICE" (page 8), the signature block for the Court, and any similar wording should be stricken from the class notice.

(d)    <u>Future Disputes</u>: The Settlement Agreement contemplates that any future disputes between the parties, including whether a particular person is a member of the class, will be resolved by the Court.  *See* Settlement Agreement at § V(A) (docket no. 38-1).  If the Court approves a class action settlement in this matter, it will <u>not</u> retain jurisdiction or resolve future disputes.  To the extent that the parties envision having any disagreements concerning who qualifies as a member of the class, the Court will not preliminary approve any proposed class action settlement.

MINUTE ORDER - 3

(3) Any renewed motion for preliminary approval of class action settlement shall be filed within thirty-five (35) days of the date of this Minute Order. If no renewed motion is timely filed, the Court will issue a scheduling order setting a trial date and related dates and deadlines.

(4) The parties are reminded that notices of their proposed settlement must be sent to the appropriate federal and state officials at least ninety (90) days before any final approval hearing. *See* 28 U.S.C. § 1715. The parties are also advised that the Court will require any motion for attorney's fees be filed at least thirty-five (35) days before the opt-out deadline and be available online through the website maintained for this matter, as well as via mail or email upon request.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of November, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk
