Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES JANTOS, individually, and on behalf of similarly situated individuals,

Plaintiff,

v.

DIRECTV, a Delaware Corporation; DIRECTV, LLC, a California Limited Liability Corporation; and QWEST CORPORATION d/b/a CENTURYLINK QC, a Colorado Corporation,

Defendants.

NO.  2:18-cv-00413-TSZ

**JOINT RENEWED MOTION OF ALL PARTIES FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

**Noted for Consideration:**
  **December 12, 2018**

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS
[Case No. 2:18-cv-00413-TSZ]

Sirianni Youtz
Spoonemore Hamburger
701 Fifth Avenue, Suite 2560
Seattle, Washington  98104
Tel. (206) 223-0303    Fax (206) 223-0246

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 1

III.  PROPOSED SETTLEMENT TERMS ............................................... 4

IV.   ARGUMENT ...................................................................................... 8

    A.    The Amended Settlement Addresses the ISSUES Raised in the Court's November 7, 2018 Minute Order ................................... 8

        1.    The Amended Settlement Class Definition Is Ascertainable ........................................................................ 8

        2.    Jantos Is a Typical and Adequate Representative of the Entire Settlement Class ...................................................... 9

        3.    The Amended Class Notice Fixes the Defects Identified by the Court ........................................................................ 13

        4.    The Amended Agreement Does Not Contemplate this Court Retaining Jurisdiction Over Future Disputes ......... 13

    B.    The Court Should Preliminarily Approve the Settlement Under Federal Rule of Civil Procedure Rule 23(E) ............................ 14

        1.    The Settlement Class Satisfies the Requirements of Rule 23(a) and (b) for Conditional Certification ....................... 15

            a.    Rule 23(a)'s Requirements for Class Certification Have Been Met for Settlement Purposes ................. 15

                (i)    The Settlement Class is Sufficiently Numerous ........................... 15

                (ii)    The Commonality Requirement is Satisfied ................................ 15

                (iii)    The Typicality Requirement is Satisfied ...................................... 16

                (iv)    The Adequacy Requirement is Satisfied ...................................... 16

            b.    Rule 23(b)(3)'s Requirements for Class Certification Have Been Met ................................................................ 17

        2.    The Settlement is Fair, Reasonable, and Adequate ......... 18

            a.    The Settlement Amount is a Fair Compromise in Light of the Parties' Respective Claims and Defenses ................................................................... 19

                (i)    Jantos' Claims ................................................. 19

                (ii)    Defendants' Defenses ..................................... 19

            b.    The Settlement Amount is a Fair Compromise in Light of Litigation Risks and Uncertainties ......... 21

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - ii
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

|     |     | c.  | The Parties Sufficiently Investigated and Litigated this Matter to Allow Counsel and this Court to Conclude the Settlement is Fair, Reasonable, and Adequate ................................................................. 22 |
|     |     | d.  | The Settlement was the Product of Informed, Non-Collusive, and Arms-Length Negotiations ............................ 22 |
|     |     | e.  | The Proposed Notice and Claims Process Are Reasonable ................................................................................ 23 |
| V.  | PARTIES' REQUEST TO SET APPROVAL HEARING ............................................... 24 |
| VI. | CONCLUSION ............................................................................................................ 25 |

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - iii
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

# TABLE OF AUTHORITIES

## CASES

*Arthur v. Sallie Mae, Inc.*,
  2012 WL 90101 (W.D. Wash., Jan. 10, 2012) ...................................................... 12

*Booth v. Appstack, Inc.*,
  2016 WL 7851472 (W.D. Wash., Aug. 29, 2016) .................................................. 23

*Churchill Village, L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................... 18

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ............................................................................. 14

*Conboy v. AT&T Corp.*,
  241 F.3d 242, 256 (2d Cir. 2001) ........................................................................ 20

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................. 14, 16, 23

*Ikuseghan v. Multicare Health Sys.*,
  2016 WL 3976569 (W.D. Wash., July 25, 2016) .................................................. 18

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
  2009 WL 5184352 (W.D. Ky., Dec. 22, 2009) ...................................................... 12

*In re Linkedin User Privacy Litig.*,
  309 F.R.D. 573 (N.D. Cal. 2015) ......................................................................... 18

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ............................................................................... 12

*In re Portal Software Inc. Securities Litig.*,
  2007 WL 4171201 (N.D. Cal., Nov. 26, 2007) ..................................................... 11

*Lewis v. Starbucks Corp.*,
  2008 WL 4196690 (E.D. Cal., Sept. 11, 2008) ................................................ 22, 24

*McCluskey v. Trustees of Red Dot Corp.*,
  268 F.R.D. 670 (W.D. Wash. 2010) ..................................................................... 17

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ............................................................................... 22

*Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*,
  880 F. Supp. 292 (M.D. Pa. 1995) ....................................................................... 11

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ............................................................................................ 23

*Rajagopalan v. Meracord, LLC*,
  2015 WL 12564237 (W.D. Wash., May 14, 2015) ................................................ 23

*Rannis v. Recchia*,
   380 F. App'x 646 (9th Cir. 2010) ................................................................ 15

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ........................................................ 14, 18, 22

*Silber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994) ...................................................................... 23

*Stanford v. Foamex*,
   263 F.R.D. 156 (E.D. Pa. 2009) ................................................................ 17

*True v. Am. Honda Motor Co.*,
   749 F. Supp. 2d 1052 (C.D. Cal. 2010) .................................................... 11

## STATUTES

47 U.S.C. § 206 ......................................................................................... 4, 20

47 U.S.C. § 207 ............................................................................................. 11

47 U.S.C. § 222 .............................................................................. 3, 4, 15, 19

47 U.S.C. § 338(i) ............................................................................... 2, 15, 19

47 U.S.C. § 338(i)(7) .......................................................................... 2, 4, 11

## RULES

Fed. R. Civ. P. 23 ............................................................................................ 1

Fed. R. Civ. P. 23(a) ................................................................ 14, 15, 16, 17

Fed. R. Civ. P. 23(b) ....................................................................... 14, 15, 17

Fed. R. Civ. P. 23(e) ............................................................................... 14, 18

Fed. R. Civ. P. 23(g) ..................................................................................... 17

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - v
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

## I.  INTRODUCTION

In this action and a putative class action in King County Superior Court, Plaintiff James Jantos ("Jantos") has brought claims against Qwest Corporation d/b/a CenturyLink QC ("CenturyLink") and (in this action only)  DIRECTV and DIRECTV, LLC (collectively, "DIRECTV," and together with CenturyLink, "Defendants"), based on Jantos' allegations that his and certain of Defendants' other subscribers' CenturyLink bills were accessible to others online. After engaging in discovery in the state action, motions practice in both actions, and a mediation, and after the Court denied their joint motion for preliminary approval of their prior settlement (Dkt. 41), Jantos and Defendants (collectively, the "Parties") have reached an amended settlement.  The Amended Class Action Settlement Agreement and Release of All Claims (the "Settlement Agreement"), which is attached as Exhibit 1 to this Joint Renewed Motion, addresses the issues raised by the Court in its Minute Order dated November 7, 2018 (Dkt. 41), satisfies all the criteria for preliminary settlement approval under Federal Rule of Civil Procedure 23 ("Rule 23") and is fair, adequate, and reasonable. Further, the Parties are jointly moving for the relief requested in this Motion.

The Parties therefore respectfully renew their request that the Court grant preliminary approval of the Settlement Agreement, conditionally certify the proposed settlement class, appoint Jantos and his counsel as class representatives and class counsel respectively, approve the proposed class notice plan, and schedule a fairness hearing for final approval of the Settlement.

## II.  BACKGROUND

Jantos is a CenturyLink customer, and, during the relevant time period, received bundled telephone and internet services, as well as satellite television provided by DIRECTV. Jantos alleges that, in 2017, after searching the internet for a phone number he did not recognize on his CenturyLink bill, he discovered his March 2017 bill was publicly accessible online via a unique URL. The bill included his name, address, phone number, phone numbers that he had called and

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 1
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

received calls from, and his DIRECTV billings. The bill did not include his credit or debit card information, social security number, date of birth, or any other sensitive personal information. Additionally, Jantos alleges he was able to access similar information of other CenturyLink customers, including those who are DIRECTV subscribers. Jantos does not allege that either his CenturyLink bills, or the bills of other subscribers, were in fact accessed by unauthorized third parties. Based on these allegations, Jantos filed two lawsuits—one in May 2016 in the Superior Court of the State of Washington for King County against CenturyLink only (the "State Action"), and the other in March 2018 in this Court, which included DIRECTV (the "Federal Action").

In the State Action, Jantos alleged claims against CenturyLink for: violation of the Washington Consumer Protection Act, breach of contract, negligence, breach of fiduciary duty, breach of duty of confidence, violations of the Telecommunications and Cable Acts, and invasion of privacy. Jantos sought to represent a putative class of Washington residents whose bills were also accessible by others online. CenturyLink moved to dismiss the State Action for failure to state a claim in September 2017, which the state court summarily denied in December 2017.

In the Federal Action, Jantos alleged that Defendants violated the privacy protection provided to consumers of satellite services under the Satellite Home Viewer Extension and Reauthorization Act ("SHVERA"), codified at 47 U.S.C. § 338(i), by disclosing and failing to protect his information related to his DIRECTV subscription. SHVERA prohibits satellite carriers from disclosing or failing to prevent the disclosure of personal information about a consumer without prior express consent, and a violation of § 338 gives rise to a private cause of action in federal court and entitles an aggrieved person to "actual damages, but not less than liquidated damages computed at the rate of $100 a day for each violation or $1,000, whichever is higher," punitive damages, and attorney fees and costs of suit. 47 U.S.C. § 338(i)(7). Jantos sought to represent a nationwide class of CenturyLink customers who also subscribed to DIRECTV and whose bills were accessible to others online. Jantos has not alleged actual damages on behalf of either himself or the putative class, but instead claims that he and the

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 2
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

putative class are entitled to liquidated damages based on his allegation their CenturyLink bills were accessible to others online. In May 2018, CenturyLink filed a motion to dismiss the Federal Action for lack of standing and failure to state a claim for relief. At the same time, DIRECTV moved to compel arbitration under the arbitration provision in its subscriber agreement with Jantos and alternatively, joined CenturyLink's motion to dismiss for lack of standing.

After engaging in an initial round of written discovery in the State Action, the Parties agreed to stay that case pending the resolution of CenturyLink's motion to dismiss the Federal Action.

On July 16, 2018, Parties participated in a mediation with Judge Bruce Hilyer (retired), which resulted in the Parties' negotiation of and agreement to the original Settlement. The Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class on October 22, 2018. On November 21, 2018, solely for purposes of effectuating the Settlement and as authorized by the Court (Dkt. 41), Plaintiff amended the Complaint in this Federal Action to assert an additional claim against CenturyLink only under the Telecommunications Act, 47 U.S.C. § 222, on behalf of a nationwide class of affected CenturyLink customers, regardless of whether or not those individuals also were DIRECTV customers (Dkt. 42).[1]

On November 7, 2018, the Court denied the parties' joint motion without prejudice and raised issues regarding certain provisions of the original agreement reached by the parties, as well as portions of the Class Notice and other explanatory documents attached thereto. After discussing these issues, the parties negotiated and entered an amended settlement agreement, attached as Exhibit 1 to this Joint Renewed Motion, to address the Court's concerns.

---

[1] Plaintiff and CenturyLink also sought and were granted a stay of the State Action pending final approval of the Settlement.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 3
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

### III.  PROPOSED SETTLEMENT TERMS

The amended Settlement Agreement, dated December 12, 2018, resolves all of Jantos' and the settlement class members' claims against Defendants.[2] The amended Settlement Agreement responds to the issues raised by the Court by (1) redefining the class so class members are ascertainable; (2) providing all Settlement Class Members the same benefit; (3) providing the DIRECTV Subclass an additional benefit; and (4) changing the notice content and procedures to comply with the Court's specifications.  A brief summary of the Settlement follows:

1.     <u>Dismissal of State Action and Amendment of Federal Complaint</u> – Solely for purposes of effectuating this Settlement, Plaintiff amended the complaint in this action to add a Telecommunications Act claim pursuant to 47 U.S.C. § 222 on behalf of a putative nationwide class that includes all 855 CenturyLink customers whose bills were accessible online, regardless of whether they were also DIRECTV subscribers. Under the terms of this Settlement, Plaintiffs also will voluntarily dismiss all claims in the State Action after final approval of this Settlement has been obtained. Accordingly, the claims at issue for purposes of this motion allege violations of SHVERA, which provides for recovery of liquidated damages (but which applies to the DIRECTV subscribers only for purposes of this settlement), *see* 47 U.S.C. § 338(i)(7); and the Telecommunications Act, which does not provide for liquidated damages, and which applies to all CenturyLink customers for purposes of this settlement, *see* 47 U.S.C. § 206.

2.     <u>Class Definition and Class Period</u> – For the purposes of implementing the Settlement Agreement and the Settlement, and for no other purpose, the Defendants will stipulate to the conditional certification of the "Settlement Class" on a nationwide basis.  (Settlement Agreement § II.) The Settlement Class and "Settlement Class Members" means all 855 current

---

[2] As stated in the Settlement Agreement, Defendants are in no way admitting liability to any claim asserted in either the Federal Action or State Action.  In addition, out of an abundance of caution, the Settlement Agreement clarifies that the claims being settled do not overlap with any of the allegations or claims made by plaintiff or the putative class in *Cordoba v. DirecTV, LLC, et al.*, No. 1:15-CV-3755MHC, pending in the U.S. District Court for the Northern District of Georgia.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

and former customers of CenturyLink in the United States and its territories who were identified by CenturyLink as customers whose CenturyLink bill(s) were potentially accessible online by others at a URL beginning with "repsweb.centurylink.com" between March 5, 2017 and May 18, 2017. (*Id.* at § I(II).) The Settlement Class has one subclass, the "DIRECTV Subclass," which consists of Settlement Class Members whose CenturyLink bill(s) were potentially accessible online by others at a URL beginning with "repsweb.centurylink.com" between March 5, 2017 and May 18, 2017, and included information about their DIRECTV services. (*Id.* at § I(N).)

3.    <u>Benefits to Settlement Class Members</u> – *All* Settlement Class Members will receive an activation code for one year of three-bureau credit monitoring service and $1 million in identity theft insurance, which is worth approximately $180 - $200 per year, and will provide these subclass members robust credit monitoring and protection from identity theft.[3] (Settlement Agreement § IV(B).)  The DIRECTV Subclass members will each receive, in addition to that activation code, $520 in the form of a credit to their CenturyLink bill, if they are a current CenturyLink Customer, or $520 payable by check, if they are not a current CenturyLink Customer. The additional relief for members of the DIRECTV Subclass is driven by the additional claims asserted by DIRECTV Subclass members, the difference in the statutes applicable to the DIRECTV Subclass, and, specifically, the likelihood that members of the DIRECTV Subclass could recover monetary relief.

4.    <u>Compensation to Plaintiff</u> – In addition to the benefits provided to all Settlement Class Members, Plaintiff James Jantos, subject to the Court's approval, will receive $10,000 from

---

[3] The product that will be provided to Settlement Class Members is not available on the open market. The only product provided by the same company that is publicly available and includes all of the features (i.e. 3 bureau credit monitoring and $1 million identity theft insurance) that will be available in the product provided in this Settlement is the IdentityWorks Premium product, which costs $199.99 per year if billed annually, or $19.99 per month if billed monthly. (*See* https://www.experian.com/consumer-products/compare-identity-theft-products.html.)  If sold directly to consumers, the product that will be provided in this Settlement would be worth approximately $15.00 per month, for a total cost of $180 per year. *See* Declaration of Traci Jarvis, Dkt. 40.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 5
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

Defendants as a service award for his efforts in litigating the State and Federal Actions. (Settlement Agreement § VII.)

5.      <u>Class Counsel's Reasonable Attorney Fees and Costs</u> – Defendants have agreed to pay the reasonable attorney fees and costs of "Class Counsel," meaning the law firms Sirianni Youtz Spoonemore Hamburger and Myers & Company, PLLC, up to $150,000. (Settlement Agreement §§ I(D), X(A).) The amount of attorney fees and costs shall be determined by the Court. (*Id*. at § X(B).) After the Court preliminarily approves the Settlement, Class Counsel may file a fee application, and they have agreed to request, and Defendants have agreed not to oppose, up to $150,000 as the reasonable amount of fees and costs to be paid by CenturyLink (on behalf of Defendants) to Class Counsel, subject to Court approval. (*Id*.)

6.      <u>Settlement Administration</u> – The parties have selected Rust Consulting to serve as the Settlement Administrator. (Settlement Agreement § I(FF).)

7.      <u>Class Notice</u> – No later than 30 days after the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall send, or cause to be sent, the Class Notice to every Settlement Class Member, each of whom has been identified through CenturyLink's records. (Settlement Agreement § V(B).) The Settlement Administrator will also establish a settlement website that enables Settlement Class Members to read the Class Notice, FAQ, and pertinent filings in this case, such as Class Counsel's Fee Application and relevant orders of this Court, as well as to complete, review, and submit a request for exclusion online. (*Id.* at § V(C).) The Class Notice, FAQ, and settlement website will provide information sufficient to inform Settlement Class Members of: (1) the essential terms of this Settlement Agreement; (2) appropriate means for obtaining additional information regarding the Settlement Agreement and the State and Federal Actions; and (3) appropriate information about the procedure for objecting to or excluding themselves from the Settlement, if they should wish to do so. (*Id.* at § V(D).) No later than 45 days after entry of the Preliminary Approval Order, the Settlement Administrator

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 6
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

must provide to Defendants' Counsel a declaration of compliance with the notice requirements set forth in the Settlement Agreement, which Defendants shall file with the Court. (*Id.* at § V(G).)

8.  <u>Costs of Notice and Claims Administration</u> – Defendants will pay the administration and settlement notice expenses. However, Defendants are not responsible for any cost that may be incurred by, on behalf of, or at the direction of Jantos or Class Counsel in (a) responding to inquiries about the Settlement Agreement, the Settlement, or the Federal or State Actions; (b) defending the Settlement Agreement or the Settlement against any challenge to it; or (c) defending against any challenge to any order or judgment entered pursuant to the Settlement Agreement, unless otherwise specifically agreed. (Settlement Agreement § VI.)

9.  <u>Fairness Hearing</u> – At the Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order; Class Counsel will move for entry of a separate order approving the service award to Jantos and Class Counsel's attorney fees and costs award; and Class Counsel will notify the court in the State Action of the entry of the Final Approval Order and request dismissal. In addition, any Settlement Class Member and/or his or her lawyer may appear and present objections to or other remarks about this Settlement. (Settlement Agreement § VIII(C).)

10. <u>Scope of Release and Final Judgment</u> – Jantos and all participating Settlement Class Members will release all federal and state statutory or common law claims that have been or could have been brought against the Released Parties, as defined in the Settlement Agreement, for any and all losses and damages relating to, in connection with, or directly or indirectly arising from the online accessibility of their CenturyLink bill or bills. Upon entry of the Final Approval Order by the Court, the Federal Action, pending in the United States District Court for the Western District of Washington, filed under Case No. 2:18-cv-00413, and the State Action, pending in the Superior Court of Washington—King County, under Case No. 17-2-12346-3, will be dismissed with prejudice. (Settlement Agreement § XI.)

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 7
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

## IV.  ARGUMENT

**A.    The Amended Settlement Addresses the Issues Raised in the Court's November 7, 2018 Minute Order**

The Court's November 7, 2018 Minute Order (Dkt. 41) denied without prejudice the Parties' previous motion for preliminary approval of settlement agreement, due to concerns relating to (1) the ascertainability of the settlement class as originally defined; (2) whether Jantos' claims are typical of the Settlement Class, as opposed to only the DIRECTV Subclass, and relatedly whether Jantos can fairly and adequately represent the interests of the Settlement Class Members who are not members of the DIRECTV Subclass; (3) a variety of defects in the proposed class notice; and (4) the provision for the Court to retain jurisdiction to resolve future disputes between the Parties, including whether a particular person is a member of the Settlement Class. The Parties have negotiated amendments to the Settlement to address these concerns, as discussed in more detail below.

### 1.    The Amended Settlement Class Definition Is Ascertainable

In its Minute Order, the Court expressed "doubts concerning whether the proposed definition of the class is sufficient to render the members of the class ascertainable" because the proposed settlement class was comprised of CenturyLink customers "who **received** notice from CenturyLink that their CenturyLink bills were accessible online between March 5, 2017, and May 18, 2017," and also questioned "why the class should not be comprised of **all** individuals affected by the technical problem with CenturyLink's MyAccount portal, as opposed to just those who *received* notice of the issue."  Dkt. 41 at 1-2.

Accordingly, the Parties amended the proposed Settlement Class not to rely on the receipt or transmission of notices sent by CenturyLink but instead to be comprised of the 855 customers that CenturyLink identified as having been affected by the technical problem.  Specifically, the Settlement Class is defined to include "all 855 current and former customers of CenturyLink in the United States and its territories who were identified by CenturyLink as customers whose CenturyLink bill(s) were potentially accessible online by others at a URL beginning with

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 8
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

'repsweb.centurylink.com' between March 5, 2017 and May 18, 2017." Ex. 1, § I(II).  This amended class definition plainly is ascertainable, as CenturyLink has already identified those current and former customers.  Further, based on the investigation performed by CenturyLink as confirmed through discovery provided to Class Counsel pursuant to the Settlement, the Parties have reasonable confidence that the amended settlement class definition encompasses the identifiable individuals who were affected by the technical problem.  Specifically, when CenturyLink received notice on May 18, 2017, that some customers' bill(s) were potentially accessible online by individuals other than those customers, it immediately began investigating the issue.  In addition to remediating the problem, CenturyLink took steps to identify customers who were potentially impacted by reviewing and analyzing search results returned by Internet search engines and comparing those results with customer information in its internal systems.  In doing so, CenturyLink was able to identify the affected customers, and to notify them of the issue through (1) sending a written letter in the mail, *see, e.g.*, Compl., Dkt. 1, Ex. A, and (2) showing a banner when affected customers logged into MyAccount, the account management portal that CenturyLink provides to its customers.  Whether these customers received the letter or saw the banner is not, however, a condition to being a Settlement Class Member.

### 2.    Jantos Is a Typical and Adequate Representative of the Entire Settlement Class

The Court's November 7, 2018 Minute Order points out that the parties divided the overall settlement class into two subclasses (the DIRECTV Subclass and the Non-DIRECTV Subclass) based on whether a Settlement Class Member had DIRECTV services, that Jantos was only in the first subclass, and that the original Settlement provided disparate benefits to the members of the DIRECTV Subclass and the Non-DIRECTV Subclass.   Dkt. 41 at 2.  Accordingly, the Court was "not satisfied that plaintiff's claims are typical of the claims of the class, as opposed to just the [DIRECTV] subclass, or that plaintiff can fairly and adequately represent the interests of the members of the [Non-DIRECTV] subclass." *Id.*

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 9
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

The Parties therefore amended the Settlement Agreement to redefine the classes, make clear that Jantos is a member of both classes, and to restructure the benefits to each class. Specifically, the Settlement Class is defined to include *all* impacted customers identified by CenturyLink regardless of whether they received DIRECTV services, including Jantos. Furthermore, Jantos has amended the complaint in the Federal Action to assert a Telecommunications Act claim on behalf of *all* of the Settlement Class Members. *See* Am. Compl., Dkt. 42 ¶¶ 36-39. The DIRECTV Subclass includes all impacted customers whose bills were potentially accessible by others online and included information about their DIRECTV services, and of which Jantos is a member. The members of the DIRECTV Subclass are able to assert an additional claim under SHVERA. The "Non-DIRECTV Subclass" has been eliminated.

Each and every Settlement Class Member, which includes members of the DIRECTV Subclass, will receive an activation code for one year of credit monitoring and $1 million in identity theft insurance, worth approximately $180 - $200. *See* note 2, *supra*. Members of the DIRECTV Subclass will also receive an additional $520 payment in the form of a credit (if they are current customers of CenturyLink) or a check (if they no longer are customers of CenturyLink). *See* Ex. 1, § IV. In other words, one year of free credit monitoring and identity theft insurance is provided as relief for *all* Settlement Class Members' Telecommunications Act claims, and an additional $520 monetary payment is provided as relief for the DIRECTV Subclass members' *additional* SHVERA claims. *Id.*

Jantos is a typical representative of both of these classes because he is a CenturyLink customer in the United States and its territories whose bill was potentially accessible online by others at a URL beginning with 'repsweb.centurylink.com' between March 5, 2017 and May 18, 2017, and he received bundled DIRECTV services and information about those DIRECTV services was contained in his CenturyLink bill that was potentially accessible by others. Jantos' claims therefore are typical of both the Settlement Class as a whole and the DIRECTV Subclass: like members of the Settlement Class, he asserts a Telecommunications Act claim against

JOINT RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS - 10 [Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

CenturyLink based on the potential online availability of his CenturyLink bill(s) to others; and like members of the DIRECTV Subclass, he asserts a SHVERA claim against Defendants based on the same alleged conduct.

While a difference remains in the benefits being offered to those Settlement Class Members compared to the DIRECTV Subclass, the additional benefits received by the DIRECTV Subclass do not render Jantos an inadequate representative because the "disparate treatment of class members [is] justified by a demonstration that the favored class members have different claims or greater damages." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1067 (C.D. Cal. 2010) (quoting *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 880 F. Supp. 292, 300-31 (M.D. Pa. 1995)); *see also In re Portal Software Inc. Securities Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *6 (N.D. Cal., Nov. 26, 2007) ("Courts endorse distributing settlement proceeds according to the relative strengths and weaknesses of the various claims.").

Specifically, only members of the DIRECTV Subclass had satellite subscription information contained in their CenturyLink bill(s) that were potentially accessible by others online and thus can assert claims against Defendants for alleged violations of SHVERA, which provides that a prevailing plaintiff may obtain "actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." 47 U.S.C. § 338(i)(7)(A); *see* Am. Compl., Dkt. 42 ¶¶ 28-34. By contrast, all members of the Settlement Class assert claims against CenturyLink for alleged violations of the Telecommunications Act, which allows "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter" to "bring suit for the recovery of the damages for which such common carrier may be liable." 47 U.S.C. § 207; *see* Am. Compl., Dkt. 42 ¶¶ 35-39.

This means that the DIRECTV Subclass members' SHVERA claims against Defendants would, if successful, entitle those members to liquidated damages of $1,000, whereas even if Settlement Class Members could prove CenturyLink violated the Telecommunications Act

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 11
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303    FAX (206) 223-0246

(which CenturyLink disputes), they could obtain monetary relief from those claims only to the extent they could *prove* they suffered actual damages arising out of the alleged violation.  As detailed in CenturyLink's Motion to Dismiss, there are serious questions as to whether actual harm exists here.  (*See* Dkt. 21.)   The absence of a liquidated damages provision in the Telecommunications Act therefore "decreases the value" of those claims (and the availability of a liquidated damages provision increases the value of the SHVERA claims) and justifies the additional benefits awarded to the DIRECTV Subclass.  *Arthur v. Sallie Mae, Inc.*, No. C10-0198JLR, 2012 WL 90101, at *10 (W.D. Wash., Jan. 10, 2012) (approving settlement in which one subclass obtained no monetary award because the members of that subclass had "a weaker claim to damages given [defendant's] affirmative defense of offset," in that the value of their claims was decreased due to "the risk created by the potential offset").

Jantos is therefore an adequate representative of the Settlement Class as a whole because (1) he is a member of the Settlement Class and (2) "[t]here is no apparent conflict of interest, despite the disparate relief provided in the Amended Settlement."  *Arthur*, 2012 WL 90101, at *8.  Indeed, the adequacy of Jantos' representation is manifested in the terms of the Settlement, which provides substantial benefits to all Settlement Class Members.  Notably, credit monitoring has been considered fair, reasonable, and adequate relief in settlements of other data breach class actions.  *See, e.g.*, *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *8 (W.D. Ky., Dec. 22, 2009) (approving settlement in which primary relief was two years of credit monitoring).[4]

---

[4] Those Settlement Class Members who consider credit monitoring insufficient relief  may opt out of the class.  *See Arthur*, 2012 WL 90101, at *8; *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (concluding that approval of settlement proceeds allocation, in which many class members received no relief, was strengthened because such class members "were free to opt-out of the class" and decertification could mean "that no one will recover anything," whereas the settlement "at least allows damages for some members of the class where damages might otherwise be unobtainable for any member of the class").

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 12
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

### 3.    The Amended Class Notice Fixes the Defects Identified by the Court

The proposed class notice and website FAQ have been amended as follows:

1.    The class notice and website FAQ now clarify that class members should send objections to the Settlement Administrator, not to the Court, and the Settlement Administrator will provide all correspondence from class members to Defendants' Counsel as attachments to an appropriate declaration, which Defendants' Counsel will file with the Court.

2.    A Request for Exclusion form has been added to the notice, will be mailed and/or emailed to Settlement Class Members with the notice, and will be available for download from the settlement website, where Settlement Class Members also will be able to electronically submit a request for exclusion.

3.    The Settlement Agreement, class notice, and website FAQ now make clear that any Settlement Class Member and/or counsel may present objections and any other remarks at a final approval hearing, without providing advance notice of their intent to do so.

4.    The class notice and website FAQ no longer advise Settlement Class Members that they may obtain materials related to the settlement from the Clerk of the Court.  Instead, Settlement Class Members are referred to the settlement website, where all relevant materials will be posted.

5.    The wording related to the Court's approval has been removed from the class notice.

### 4.    The Amended Agreement Does Not Contemplate this Court Retaining Jurisdiction Over Future Disputes

The Settlement Agreement has been amended not to contemplate this Court retaining jurisdiction to resolve future disputes.  *See* Ex. 1 § V(A).  Instead, any disputes that may arise relating to notice and settlement administration will be resolved between the Parties without Court intervention; to the extent the Parties reach impasse on any given issue, the Parties may seek the assistance of Judge Bruce Hilyer (retired), who mediated this Settlement.  *Id.*  The Parties

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 13
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303    FAX (206) 223-0246

do not anticipate any disputes over who qualifies as a member of the class, particularly because CenturyLink already has identified all 855 members.

*****

Accordingly, for the reasons detailed above, the Parties respectfully submit that their agreed amendments to the Settlement Agreement resolve all of the issues raised by the Court.

**B.    The Court Should Preliminarily Approve the Settlement Under Federal Rule of Civil Procedure Rule 23(e)**

A certified class action may not be dismissed, compromised, or settled without approval of the Court. *See* Fed. R. Civ. P. 23(e). The decision to approve a proposed settlement is committed to the sound discretion of the court and may be reversed only upon a strong showing of clear abuse of discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Review of a district court's approval of a class action settlement is "extremely limited," that is, it must "show it has explored comprehensively all factors, but a court is not required to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (internal quotation marks and citations omitted). A "strong judicial policy … favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval:  First, that the settlement class meets the requirements for class certification if it has not yet been certified; and second, that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (b) , (e)(2); *Hanlon*, 150 F.3d at 1020. These two requirements for preliminary approval of the class action settlement are satisfied here.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 14
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

**1.     The Settlement Class Satisfies the Requirements of Rule 23(a) and (b) for Conditional Certification**

Rule 23(a) sets out four prerequisites for class certification:     (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Further, under Rule 23(b)(3), a class action may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." These requirements are met in this case.

a.     *Rule 23(a)'s Requirements for Class Certification Have Been Met for Settlement Purposes*

*(i)     The Settlement Class is Sufficiently Numerous*

The numerosity prerequisite demands the class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cutoff, courts have routinely found numerosity satisfied with classes of at least forty members. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). Here, for purposes of effecting the Settlement only, Defendants stipulate that the 855 members of the Settlement Class and the 311 members of the DIRECTV Subclass satisfy the numerosity requirement.

*(ii)     The Commonality Requirement is Satisfied*

The commonality prerequisite for class certification concerns the existence of questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). For purposes of effecting the Settlement only, Defendants stipulate to the existence of common questions of law or fact, including whether each Defendant qualified as a telecommunications or satellite carrier; whether the information on the accessible bills qualified as customer proprietary network information or personally identifiable information concerning any subscriber; whether Defendants violated federal law (specifically, SHVERA, codified at 47 U.S.C. § 338(i), or the Telecommunications Act, as codified at 47 U.S.C. § 222) in connection with the online accessibility by others of the

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 15
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

Settlement Class' CenturyLink bills, some of which included DIRECTV services; and whether class members are entitled to statutory or actual damages for that alleged violation.

### (iii)    The Typicality Requirement is Satisfied

The typicality prerequisite of Rule 23(a) is met if the named plaintiff's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. For purposes of effecting the Settlement only, Defendants stipulate that Jantos' claims are typical of the Settlement Class' claims because they arise from the same occurrence as that giving rise to the claims of the Class and are based on the same legal theories. More specifically, for purposes of effecting the Settlement, Defendants stipulate that (1) as one of Defendants' customers, Jantos is a member of the Settlement Class and his claims are typical of both the Settlement Class and the DIRECTV Subclass, and he alleges he has been damaged by the same conduct that he claims has damaged other Settlement Class Members—specifically, Jantos is a CenturyLink customer whose bill was potentially accessible by others online, and that bill included reference to his DIRECTV subscriber information; (2) Jantos' and the Settlement Class' claims are based on the same legal theories—*i.e.,* that the online accessibility of the CenturyLink bills by others—regardless of whether the bills in fact were accessed by unauthorized third parties—violated federal law and entitles Jantos and the Settlement Class to either statutory damages or actual damages (which theories CenturyLink disputes); and (3) Jantos' claims are not in conflict with, or antagonistic to, the claims of the Settlement Class. *See also* section I.B., *supra* (explaining why Jantos is a typical representative of the entire Settlement Class).

### (iv)    The Adequacy Requirement is Satisfied

The requirement of adequate representation set forth in Fed. R. Civ. P. 23(a)(4) has two components: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. For the reasons detailed above,

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 16
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303    FAX (206) 223-0246

Jantos is an adequate representative of the entire Settlement Class, as well as the DIRECTV Subclass. *See* section I.B., *supra*.

The second factor—competency of counsel—has now been subsumed under Fed. R. Civ. P. 23(g), the requirement that the Court appoint adequate class counsel. The declaration of counsel who represent the plaintiffs establish that they (1) have done extensive work in identifying the claims in this action, (2) have far-reaching experience in class litigation, (3) are well versed in this area of the law, and (4) are willing to commit the resources necessary to vigorously this litigation. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). *See* Declaration of Richard E. Spoonemore, Dkt. 39 ¶¶ 2-10; *see also McCluskey v. Trustees of Red Dot Corp.*, 268 F.R.D. 670, 676 (W.D. Wash. 2010) (noting Mr. Spoonemore's extensive experience in class actions, and stating that he is "highly qualified by his experience" to represent the class); *Stanford v. Foamex*, 263 F.R.D. 156, 171 (E.D. Pa. 2009) (in class action brought by Mr. Spoonemore: "[T]he court finds … that plaintiff's attorneys are qualified, experienced, and able to pursue the legal interest of the entire proposed class…. Plaintiff's counsel have ample experience and have enjoyed considerable success in …. class action litigation…."). The requirements of Fed. R. Civ. P. 23(a)(4) and 23(g) are satisfied.

### b. *Rule 23(b)(3)'s Requirements for Class Certification Have Been Met*

Under Rule 23(b)(3), plaintiffs must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating controversy." For purposes of effecting the Settlement only, Defendants stipulate first, to the existence of predominant questions of law and fact common to all members of the proposed Settlement Class and DIRECTV Subclass based on the online accessibility of those customers' bills to others, and second, to the fact that a class action is a superior method of adjudication compared to a multitude of individual suits. As stated above, for purposes of effecting the Settlement only, Defendants stipulate that the common factual and legal questions presented include whether each Defendant

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 17
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

qualified as a telecommunications or satellite carrier; whether the information on the accessible bills qualified as customer proprietary network information or personally identifiable information concerning any subscriber; whether Defendants violated federal law in connection with the online accessibility of the Settlement Class' CenturyLink bills, some of which included DIRECTV services, by others; and whether class members are entitled to statutory or actual damages for that alleged violation. Because these common questions are the central focus of this class action, the predominance requirement is satisfied for purposes of this settlement only. *See, e.g.*, *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 585 (N.D. Cal. 2015).

### 2.    The Settlement is Fair, Reasonable, and Adequate

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Rodriguez*, 563 F.3d at 963. Included in this analysis are considerations of "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Importantly, there is a presumption that a class settlement is fair and should be approved if it is the product of arm's-length negotiations conducted by capable counsel with extensive experience in complex class action litigation. *Ikuseghan v. Multicare Health Sys.*, No. 3:14-CV-05539-BHS, 2016 WL 3976569, at *3 (W.D. Wash., July 25, 2016); *Hughes v. Microsoft Corp.*, No. C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery" (internal quotation marks and citation omitted)). Applying these factors to this case, the Settlement is fair, reasonable, and adequate.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 18
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

a.    ***The Settlement Amount is a Fair Compromise in Light of the Parties' Respective Claims and Defenses***

(i)    *Jantos' Claims*

Jantos alleges that he discovered his March 2017 CenturyLink bill was publicly accessible online when he used the Bing search engine to attempt to identify the owner of a telephone number on the bill. He also claims he discovered that he could also access the bills of other Washington customers online. Jantos' bill contained his phone number, the phone numbers of individuals with whom he spoke, his CenturyLink account number, the services he purchased, and the details of his charges for and usage of those services.

In this action, Jantos alleges that CenturyLink violated provisions of the Telecommunications Act that prohibit carriers from disclosing personal information, 47 U.S.C. § 222. *See* Am. Compl., Dkt. 42 ¶ 11. In his Telecommunications Act claim, Jantos seeks to represent a nationwide class of 855 CenturyLink customers whose CenturyLink bills were available online to others and seeks, on his and their behalf, "the full amount of damages sustained in consequence" of the alleged violation. *Id.* ¶ 39 (quoting 47 U.S.C. § 222). Jantos further alleges that Defendants violated the privacy protection provided to consumers of satellite services under SHVERA, 47 U.S.C. § 338(i), by disclosing and failing to protect his subscriber information. *Id.* ¶¶ 31-33. Jantos seeks to assert his SHVERA claim on behalf of a nationwide class of 311 CenturyLink customers whose bills were available online to others and contained DIRECTV subscriber information. For his SHVERA claim, Jantos sought statutory damages, punitive damages, and attorney fees, and he estimated damages as, at minimum, $1,000 per class member.

(ii)    *Defendants' Defenses*

In the Federal Action, Defendants argued Jantos lacked Article III standing and otherwise failed to state a viable SHVERA claim because he failed to allege any unauthorized third party accessed his CenturyLink bill—much less that he suffered any concrete harm in connection with the online accessibility of his bill. CenturyLink also argued that Jantos had failed to state a

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 19
[Case No. 2:18-cv-00413-TSZ]

SHVERA claim because CenturyLink is not a satellite carrier, and therefore it is not subject to liability under SHVERA.

CenturyLink has also argued that Jantos' Telecommunications Act cannot stand because he cannot show "specific damages" to his "person, property, health, or reputation" flowing from the alleged statutory violation. *See* 47 U.S.C. § 206 (providing a private right of action for violations of § 222); *Conboy v. AT&T Corp.*, 241 F.3d 242, 250-51, 256 (2d Cir. 2001) (explaining that hypothetical or presumed damages are not allowed and instead the offense must be "virtually certain" to cause damages). Further, even if Jantos could show specific damages to himself under the Telecommunications Act, a class is unlikely to be certified on that claim because individual issues would predominate on the question of whether other CenturyLink subscribers whose bills were accessible online could show specific damages to their person, property, health, or reputation.[5]

With respect to DIRECTV's motion to compel arbitration, it argued that Jantos had entered into a binding Customer Agreement with DIRECTV to arbitrate his disputes with DIRECTV on an individual basis. DIRECTV also argued that Jantos' assertions that the Customer Agreement was an unenforceable adhesion contract or that the arbitration clause was otherwise unenforceable were without merit. CenturyLink asserted that, if the Federal Action was not dismissed, Jantos' SHVERA claim against CenturyLink should also be ordered into arbitration pursuant to the arbitration provision in DIRECTV's Customer Agreement.

Separately, Defendants have disputed whether certification of any class in connection with Jantos' claims and allegations is appropriate.

---

[5] Although not the subject of the Federal Action or this Motion for Preliminary Approval of Class Action Settlement, CenturyLink has argued that Jantos's remaining state law claims suffered from similar weaknesses—namely that Jantos cannot show actual damages stemming from the common law violations, and as such, he would not succeed on the merits of his claims.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 20
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

Finally, CenturyLink argued that its total exposure to damages based on the online accessibility of class members' CenturyLink bills was limited to, at most, $1,000 per class member.

### b. The Settlement Amount is a Fair Compromise in Light of Litigation Risks and Uncertainties

Each Settlement Class Member will receive one year of robust three-bureau credit monitoring service and $1 million in identity theft insurance, valued at approximately $180-200 per year. The DIRECTV Subclass members will receive an additional $520, yielding total compensation of approximately 70% of the value of the statutory damages that Jantos claimed were owed to class members under SHVERA's liquidated damages provision. Because the Telecommunications Act does not provide for statutory damages, members of Settlement Class who are not in the DIRECTV Subclass would have had to prove they suffered actual damages to obtain any recovery. Although all Settlement Class Members are getting material value from the settlement, the availability of statutory damages for the DIRECTV Subclass members' SHVERA claims, and the difficulty of proving actual damages for purposes of the Telecommunications Act claims, justifies the difference in the benefits offered to each subclass.

The settlement benefits therefore are a fair compromise given the uncertainties presented by continued litigation. The Parties have asserted, and would have to continue to assert, legal and factual grounds to litigate the State and Federal Actions, and while the Parties are confident in their respective claims and defenses, continued litigation would be costly, time consuming, and uncertain. Defendants' motions to dismiss and to compel arbitration remain pending and, even if the claims proceed, the Parties would still have to litigate class certification, liability, and damages. Such efforts would likely take years, and necessitate expert witness testimony, as well

JOINT RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS - 21 [Case No. 2:18-cv-00413-TSZ]

Sirianni Youtz
Spoonemore Hamburger
701 Fifth Avenue, Suite 2560
Seattle, Washington 98104
Tel. (206) 223-0303    Fax (206) 223-0246

as other costs, risks, and potential delays. Appellate risks could further delay and jeopardize recovery. By contrast, the Settlement ensures timely relief to the Settlement Class.[6]

### c.    *The Parties Sufficiently Investigated and Litigated this Matter to Allow Counsel and this Court to Conclude the Settlement is Fair, Reasonable, and Adequate*

The Parties engaged in an exchange of substantive information relating to Jantos' and the Settlement Class' claims. The Parties engaged in both formal and informal discovery in both the State Action and Federal Action.  And the record developed through the investigation and discovery process allowed the Parties to realistically estimate class damages and assess the risks of further litigation. It was only after the Parties thoroughly investigated and evaluated the strengths and weakness of the case, and attended mediation, that the Settlement was completed. This litigation, therefore, has reached the stage where the Parties have a clear view of the strengths and weaknesses of their claims and defenses sufficient to support the Settlement. *See Lewis v. Starbucks Corp.*, No. 2:07-CV-00490-MCEDAD, 2008 WL 4196690, at *6 (E.D. Cal., Sept. 11, 2008) (stating "approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases").

### d.    *The Settlement was the Product of Informed, Non-Collusive, and Arms-Length Negotiations*

Here, the Settlement was a product of intensive, adversarial litigation between the Parties. It was reached after a full-day mediation session before an experienced and well-respected mediator. Notably, the Parties spent months prior to the mediation developing the factual record for this case, exchanging written discovery in the State Action, drafting detailed motion to dismiss briefing and mediation briefs, exchanging informal discovery, and ensuring both sides

---

[6] Moreover, it is well-established that a cash settlement amounting to only a fraction of the potential recovery does not render the settlement unfair per se. *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982); *see also, e.g., Rodriguez*, 563 F.3d at 964−65 (approving settlement amounting to 30% of estimated damages and noting that even if the plaintiffs were entitled to treble damages, settlement would be about 10% of estimated damages).

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

were fully informed about the strengths and weaknesses of their respective positions. In addition, the Parties are represented by skilled and experienced counsel. These factors support a finding that the Settlement is fair, reasonable, and adequate. *See Hanlon,* 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after months of negotiation and record contained no evidence of collusion).

e.    ***The Proposed Notice and Claims Process Are Reasonable***

To protect the rights of absent class members, courts must provide the best notice practicable of a potential class action settlement. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811−12 (1985). This means the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (internal quotation marks and citation omitted).

Here, because the Settlement Class Members are current and former CenturyLink customers, CenturyLink has either current or last known addresses for each Settlement Class Member.  CenturyLink also has email addresses for some current or former customers.  The Parties can therefore directly mail the Settlement Class Members the Class Notice and, ultimately, their settlement benefit, and can duplicate notice by email to some Settlement Class Members.  Notice will be sent as soon as practicable, but no later than 30 days after the Court's entry of the Preliminary Approval Order.  These procedures will ensure that notice will go out to Settlement Class Members in the manner best calculated to ensure that they are alerted to the terms of the Settlement and provided with the opportunity to respond to it. *See, e.g.*, *Booth v. Appstack, Inc.*, No. 2.13-CV-01533-JLR, 2016 WL 7851472, at *2 (W.D. Wash., Aug. 29, 2016) (approving "notice plan for giving direct notice to the Settlement Class by U.S. Mail" because it "constitutes the best notice practicable under the circumstances"); *Rajagopalan v. Meracord, LLC*, No. 12-CV-05657-BHS, 2015 WL 12564237, at *2 (W.D. Wash., May 14, 2015) (directing

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 23
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303    FAX (206) 223-0246

email notice where defendant reported that the customer database contains email addresses for approximately 75% of customer accounts).

The Class Notice (Exhibit A to the Settlement Agreement) will inform Settlement Class Members of the Settlement, explain the benefits provided, and provide the request for exclusion form. (Settlement Agreement § I(E).) The Settlement Administrator will also establish a settlement website that enables Settlement Class Members to read the Class Notice and FAQ, Class Counsel's Fee Application and other pleadings concerning the settlement, and relevant orders of the Court, as well as complete, review, and submit a request for exclusion online. (*Id.* at § V(C).) The Class Notice, FAQ, and settlement website will provide information sufficient to inform Settlement Class Members of: (1) the essential terms of the Settlement Agreement; (2) appropriate means for obtaining additional information regarding the Settlement Agreement and the State and Federal Actions; and (3) appropriate information about the procedure for objecting to or excluding themselves from the Settlement, if they should wish to do so. (*Id.* at § V(D).)

The proposed notice plan, calling for notice to the Settlement Class via first-class mail, email, and website, thus meets constitutional standards and should be approved. *See, e.g.*, *Lewis*, 2008 WL 4196690, at *5 ("Notice by mail is sufficient to provide due process to known affected parties.").

## V.  PARTIES' REQUEST TO SET APPROVAL HEARING

The Settlement Agreement provides for a formal fairness hearing. (Settlement Agreement § VIII(B)(2)(i), (C).) At the fairness hearing, the Court will consider, among other things, whether to grant final approval of the certification of the Settlement Class and the terms of the Settlement Agreement, whether to grant Class Counsel's request for attorney fees and costs and for a service award to Jantos, as well as any objections to the Settlement or the fee request. (*See id.* at § VIII(C).) Accordingly, the Parties respectfully request that the Court set a fairness hearing.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 24
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

### VI.  CONCLUSION

For the foregoing reasons, the Court should (1) grant preliminary approval of the Settlement Agreement; (2) conditionally certify the proposed Settlement Class and the DIRECTV Subclass; (3) appoint Jantos and his counsel as class representatives and Class Counsel respectively; (4) approve the proposed Class Notice plan; and (5) schedule a fairness hearing for final approval of the Settlement.

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 25
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

DATED: December 12, 2018.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

_/s/ Richard E. Spoonemore_
Richard E. Spoonemore (WSBA #21833)
701 Fifth Ave., Suite 2560
Seattle, WA 98104
Telephone: 206.223.0303
Facsimile: 206.223.0246
Email:  rspoonemore@sylaw.com


MYERS & COMPANY, PLLC

_/s/ Michael David Myers_
Michael David Myers (WSBA #22486)
1530 Eastlake Ave. East
Seattle, WA 98102
Telephone: 206.398.1188
Facsimile: 206.400.1115
Email:  mmyers@myers-company.com


_Attorneys for Plaintiff James Jantos_

WHEELER TRIGG O'DONNELL

_/s/ Kathryn A. Reilly_
Kathryn A. Reilly (admitted pro hac vice)
Jennifer J. Oxley (admitted pro hac vice)
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:303.244.1800
Email:  reilly@wtotrial.com
        oxley@wtotrial.com


PERKINS COIE

_/s/ Amanda J. Beane_
Erin K. Earl, WSBA No. 49341
Todd M. Hinnen, WSBA No. 27176
Amanda J. Beane, WSBA No. 33070
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  206.359.3384
Email: eearl@perkinscoie.com
        thinnen@perkinscoie.com
        abeane@perkinscoie.com

_Attorneys for Defendant Qwest Corporation_
_d/b/a CenturyLink QC_


CORR CRONIN, LLP

_/s/ Emily J. Harris_
Emily J. Harris, WSBA No. 35763
Jordann M. Hallstrom, WSBA No. 48036
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone:  206.625.8600
Email:    eharris@corrcronin.com
        jhallstrom@corrcronin.com

_Attorneys for Defendant DIRECTV and_
_DIRECTV, LLC_

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 26
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Amanda J. Beane**
  abeane@perkinscoie.com, docketsea@perkinscoie.com, jhernandez@perkinscoie.com

- **Erin K. Earl**
  EEarl@perkinscoie.com, EWeinkauf@perkinscoie.com, docketSEA@perkinscoie.com

- **Jordann Hallstrom**
  jhallstrom@corrcronin.com, dpatterson@corrcronin.com

- **Emily J Harris**
  eharris@corrcronin.com, sdamon@corrcronin.com, reception@corrcronin.com

- **Todd M. Hinnen**
  thinnen@perkinscoie.com, docketsea@perkinscoie.com, jhernandez@perkinscoie.com

- **Michael David Myers**
  mmyers@myers-company.com, tpak@myers-company.com, evarriano@myers-company.com, slin@myers-company.com

- **Jennifer J. Oxley**
  oxley@wtotrial.com, wallace@wtotrial.com

- **Kathryn A. Reilly**
  reilly@wtotrial.com, cljones@wtotrial.com, meyer@wtotrial.com

- **Richard E. Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com; stacy@sylaw.com

- **Chris Robert Youtz**
  chris@sylaw.com, matt@sylaw.com, theresa@sylaw.com; stacy@sylaw.com

and I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

- (No manual recipients)

DATED:  December 12, 2018, at Seattle, Washington.

_____
*/s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)

JOINT RENEWED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS - 27
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246