HON. THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES JANTOS, individually, and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, a Delaware Corporation; DIRECTV, LLC, a California Limited Liability Corporation; and QWEST CORPORATION d/b/a CENTURYLINK QC, a Colorado Corporation,<br><br>Defendants. | NO. 2:18-cv-00413-TSZ<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

THIS MATTER comes before the Court on the Parties' joint motion for final approval of the proposed class settlement (the "Settlement"), docket no. 50, and Plaintiff's motion for attorney fees, costs, and incentive award, docket no. 47. The Court has considered all papers filed in support of such motions, and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable and adequate. The Court hereby enters this Order, which constitutes a final adjudication concerning the parties' Settlement.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

On December 12, 2018, Plaintiff James Jantos, on behalf of himself and the Settlement Class, and Defendants DIRECTV, DIRECTV, LLC, and QWEST CORPORATION d/b/a CENTURYLINK QC ("Defendants") (collectively, "the Parties"), executed an Amended Class Action Settlement Agreement and Release of All Claims ("Settlement Agreement" or "Agreement"). All defined terms in this Order (i.e., all capitalized words or phrases introduced within quotation marks) shall have the same definitions and meanings as those set forth in the Parties' Settlement Agreement.

This Court granted preliminary approval to the proposed class action settlement between the Parties in its Order Granting Preliminary Approval of Class Action Settlement (docket no. 46) ("Preliminary Approval Order"). The proposed Settlement resolves all of the Settlement Class's and the DIRECTV Subclass's claims against Defendants in exchange for specified benefits outlined in the Settlement Agreement. The Court also certified the Settlement Class and the DIRECTV Subclass for settlement purposes only, appointed Plaintiff James Jantos as the Class Representative of the Settlement Class and the DIRECTV Subclass, and appointed the law firms of Sirianni Youtz Spoonemore Hamburger, and Myers & Company, PLLC as Class Counsel for the Settlement Class and the DIRECTV Subclass.

The Court held a fairness hearing on June 14, 2019, to consider whether to grant final approval to the Settlement. The Court heard argument from counsel for the Parties concerning the Settlement. No other person appeared to object, to support, or comment on the Settlement.

Having read, reviewed and considered the papers filed in support of final approval of the Settlement, to which no written objection was filed, the Settlement Agreement, and the pleadings, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 2
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

## I. CERTIFICATION OF THE SETTLEMENT CLASS

A. This Court confirms that the proposed Settlement satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Preliminary Approval Order. Accordingly, this Court makes final its conditional certification of the "Settlement Class" and the "DIRECTV Subclass" as defined in its Preliminary Approval Order.

B. One member of the Settlement Class, June Williams, has timely requested to be excluded from the Class and the Settlement. Accordingly, this Order and the Settlement shall not bind or affect June Williams.

## II. APPROVAL OF CLASS AND CAFA NOTICE

C. The Settlement Administrator completed the delivery of Class Notice according to the terms of the Settlement Agreement and the Preliminary Approval Order. The Notice given to the Settlement Class, which set forth the principal terms of the Settlement Agreement and other matters, was the best practicable notice under the circumstances.

D. The Class Notice, FAQ, and Settlement Website fairly, accurately, and reasonably informed members of the Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; and (3) appropriate information about how to challenge, or exclude themselves from, the Settlement, if they wished to do so. The Class Notice and Settlement Website also fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for excluding themselves from the Settlement, they would be bound by the Settlement and lose any opportunity to bring any of the "Released Claims" against the "Released Parties."

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 3
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

E.  The notice program for publishing the Class Notice on the Settlement Website and for mailing and emailing (if Defendants could reasonably verify an email address) the Class Notice to Settlement Class Members is fair and reasonable. The notice program was reasonably calculated under the circumstances to apprise Class Members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final fairness hearing. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who did not receive notice pursuant to the notice program. The notice program satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and all applicable federal law.

F.  The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except June Williams, who timely excluded herself from the Class, are bound by this Final Order.

G.  Within ten (10) days after the filing of the proposed Settlement Agreement in this Court, Defendants directed the Settlement Administrator to serve a notice of the proposed Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendants provided the required notice, as required by 28 U.S.C. § 1715(d).

### III. ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants have at all times denied, and continue to deny, any wrongful act or omission alleged by Plaintiff in the State and Federal Actions, and any liability of any sort to Plaintiff or any member of the Settlement

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

Class. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission by the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

### IV. FINAL APPROVAL OF THE TERMS OF THE SETTLEMENT

A. Defendants have at all times disputed, and continue to dispute, Plaintiff's allegations in this lawsuit, deny any liability for any of the claims that have or could have been alleged by Plaintiff or other members of the Settlement Class, and maintain that no customers suffered any actual damages as a result of the online availability of their CenturyLink bill.

B. The Court has considered Plaintiff's standing under Article III. The Court concludes that it has jurisdiction over this dispute and, therefore, has the power to approve the Settlement.

C. The Settlement requires Defendants to provide specified benefits to each Participating Settlement Class Member, as defined and set forth in the Settlement Agreement.

    1. All Settlement Class Members that have not excluded themselves from the Settlement will receive an activation code for one year of three-bureau credit monitoring service and $1 million in identity theft insurance, which has an approximate retail value of $180.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

2. All DIRECTV Subclass members that have not excluded themselves from the Settlement will receive, in addition to the ability to activate credit monitoring service and identity theft insurance, $520 in the form of a credit to their CenturyLink bill if they are a Current CenturyLink Customer. Current CenturyLink Customers may seek distribution of any credit balance on their account in accordance with the usual policies and procedures of CenturyLink for refunding credit balances. The initial determination of who qualifies as a Current CenturyLink Customer will be based upon CenturyLink's records as of the date of this Order.

3. All DIRECTV Subclass members who are no longer Current CenturyLink Customers as of the date that the class benefit is provided to Settlement Class Members will receive, in addition to the ability to activate credit monitoring service and identity theft insurance, $520 payable by check.

D. Defendants have already identified all Settlement Class Members and all DIRECTV Subclass members and, therefore, no Settlement Class Member or DIRECTV Subclass member has been or will be required to prove their eligibility to receive the benefits stated herein.

E. Accordingly, taking into account (1) the adequate representation of the class by Class Representative James Jantos and Class Counsel; (2) the arms'-length negotiation of the Settlement; (3) the adequacy of the relief provided for the Settlement Class and DIRECTV Subclass, taking into account: (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of the proposed method of distributing relief to the class; (c) the terms of the proposed award of attorney's fees, including timing of payment; and (d) the lack of any side-agreements required to be identified under

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 6
[Case No. 2:18-cv-00413-TSZ]

S<small>IRIANNI</small> Y<small>OUTZ</small>
S<small>POONEMORE</small> H<small>AMBURGER</small> <small>PLLC</small>
701 F<small>IFTH</small> A<small>VENUE</small>, S<small>UITE</small> 2560
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98104
T<small>EL</small>. (206) 223-0303  F<small>AX</small> (206) 223-0246

Rule 23(e)(3); and (4) the Settlement's equitable treatment of class members relative to each other, the Court finds that the Settlement is fair, reasonable, and adequate. Moreover, the Parties reached the Settlement after litigating the claims and defenses raised in this case and corresponding State Action, both formal and informal discovery conducted by the Plaintiff, Class Counsel, and Defendants, and an arm's-length negotiation that included a full-day mediation session and follow-on negotiations. Further, the Parties reached the terms of the Settlement Agreement as they applied to Settlement Class Members without reaching any agreement regarding the reasonable amount of attorneys' fees and litigation expenses to be awarded to Class Counsel, which further confirms that the Settlement is the product of an arms-length negotiation process. Finally, the Settlement Class Members have had a very positive reaction to the Settlement; only one Settlement Class Member has requested exclusion and none has submitted an objection. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

F. Accordingly, the Court hereby GRANTS the parties' joint motion for final approval of the Settlement, docket no. 50, and finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole.

G. Class Representative James Jantos, and members of the Settlement Class who have not timely excluded themselves, shall be deemed to have released and discharged the Released Parties from any and all liability with respect to the Released Claims as set forth and defined in Paragraph I.BB and Section XI of the Settlement Agreement.

H. Defendants shall provide the benefits due to eligible Settlement Class Members in accordance with and at the times prescribed by the Settlement Agreement.

I. Plaintiff's motion for attorney fees, costs, and incentive award, docket no. 47, is GRANTED, and Defendants shall pay Class Counsel's fees and costs in the

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 7
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

amount of $150,000 and the $10,000 incentive fee to Class Representative James Jantos, in accordance with and at the times prescribed by the Settlement Agreement.

J. The claims in this matter are DISMISSED WITH PREJUDICE, except as to June Williams, who has opted out of the Settlement, and the Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Dated this 14th day of June, 2019.

_____
Thomas S. Zilly
United States District Judge

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 8
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

*s/ Richard E. Spoonemore*

Richard E. Spoonemore (WSBA #21833)
701 Fifth Ave., Suite 2560
Seattle, WA 98104
Telephone: 206.223.0303
Facsimile: 206.223.0246
Email: rspoonemore@sylaw.com

MYERS & COMPANY, PLLC

*s/ Michael David Myers*

Michael David Myers (WSBA #22486)
1530 Eastlake Ave. East
Seattle, WA 98102
Telephone: 206.398.1188
Facsimile: 206.400.1115

*Attorneys for Plaintiff James Jantos*

WHEELER TRIGG O'DONNELL

*s/ Kathryn A. Reilly*

Kathryn A. Reilly (*admitted pro hac vice*)
Jennifer J. Oxley (*admitted pro hac vice*)
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Email: reilly@wtotrial.com
oxley@wtotrial.com

PERKINS COIE

*s/ Amanda J. Beane*

Erin K. Earl, WSBA No. 49341
Todd M. Hinnen, WSBA No. 27176
Amanda J. Beane, WSBA No. 33070
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.3384
Email: eearl@perkinscoie.com
thinnen@perkinscoie.com
abeane@perkinscoie.com

*Attorneys for Defendant Qwest Corporation d/b/a CenturyLink QC*

CORR CRONIN, LLP

*s/ Emily J. Harris*

Emily J. Harris, WSBA No. 35763
Jordan M. Hallstrom, WSBA No. 48036
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone: 206.625.8600
Email: eharris@corrcronin.com
jhallstrom@corrcronin.com

*Attorneys for Defendant DIRECTV and DIRECTV, LLC*

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 9
[Case No. 2:18-cv-00413-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246